Diana M. Lynch, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Department of Public Welfare.

236

Argued February 3, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

. *Bruce E. Endy,* with him *Leonard Spear,* and *Meranze, Katz, Spear & Wilderman,* for appellant.

*Joseph F. Strain,* with him *Cecil Maidman,* Deputy Attorney General, *Michael von Moschzisker,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., May 18, 1977:

This is an appeal by Diana M. Lynch (Appellant) from an adjudication of the State Civil Service Commission (Commission) dismissing her appeal from the denial of a promotion, which denial she alleged was motivated by sex discrimination. The issue is whether the Commission committed an error of law by refusing to hear testimony on the relative qualifications of Appellant and the person who was chosen for the position. We hold that it did, and reverse and remand.

Since May 9, 1974, Appellant has been a Claims Settlement Agent I in the Social and Rehabilitative Ser-

vices Unit of the Department of Public Welfare
(DPW) in Philadelphia, having previously worked for
three and a half years for DPW through the Delaware
County Board of Assistance. On October 14, 1975,
Appellant's supervisor (Supervisor) posted a notice
of job vacancy for the position of Claims Settlement
Agent II. Appellant was among five persons who ap-
plied for the position; one of the five, Frederick Gott-
fried, who had almost two years more experience than
Appellant in the position of Claims Settlement Agent
I, was chosen for the promotion.

Appellant appealed to the Commission under sub-
sections (a) and (b) of Section 951 of the Civil Service
Act (Act)[1] on two grounds. First, she alleged that
she was better qualified for the vacant position than
Gottfried and that his promotion therefore violated
certain DPW regulations[2] which provide that promo-
tions under Section 501[3] of the Act "must be demon-
strably consistent with promotion of the best quali-
fied personnel" and that in ranking and evaluating
applicants for promotion, the criteria would include,
inter alia, "specific qualifications equated to the va-
cant position" and "efforts at self-improvement."
Second, she contended that she was denied the promo-
tion because of her sex, a non-merit factor, in viola-
tion of Section 905.1[4] of the Act, which provides:

[1] Act of August 5, 1941, P.L. 752, as amended, 71 P.S. §741.951.
[2] Sections 8231.5 and 8231.6 of the DPW Manual.
[3] 71 P.S. §741.501. The section provides, in pertinent part:
The Commission . . . may permit promotions to be ac-
complished by any one of the following plans: . . . (3) by
promotion based upon meritorious service and seniority to
be accomplished by appointment without examination, if
(i) the person has completed his probationary period in
the next lower position, (ii) he meets the minimum require-
ments for the higher position, and (iii) he receives the un-
qualified recommendation of both his immediate superior
and the appointing authority of his department or agency.
[4] 71 P.S. §741.905a.

> No officer or employee of the Commonwealth shall discriminate against any person in . . . promotion . . . because of . . . non-merit factors.

At the Commission hearing, Appellant's counsel repeatedly attempted to introduce testimony relative to the qualifications of Appellant and Gottfried, but the Acting Chairman (Chairman) refused to admit it. The Chairman stated—and DPW now argues—that although Appellant has a right to appeal to the Commission under subsection (b) of Section 951, she has no appeal right under subsection (a), and that therefore the sole issue properly before the Commission was that of discrimination, and that the qualifications of the applicants had no relevance to that issue. The two subsections read, in part, as follows:

> (a) Any regular employe in the classified service may, within twenty calendar days of receipt of notice from the appointing authority appeal to the commission [a]ny permanent separation, suspension for cause, furlough or demotion on the grounds that such action has been taken in his case in violation of the provisions of this act. . . .

> (b) Any person who is aggrieved by an alleged violation of section 905.1 of this act may appeal in writing to the commission within twenty calendar days of the alleged violation. . . .

We agree with DPW that Appellant has no right to appeal her non-promotion on the sole basis of her being better qualified. Section 951(a) provides for appeals based upon a violation of any provision of the Act, including, presumably, Section 501, but limits the types of personnel actions from which appeals may be taken to permanent separation, suspension for cause, furlough and demotion. Since the action here does not fall within one of those categories, Appellant

has no right of appeal under subsection (a); thus, her assertion that the promotion of the other applicant violated Section 501 of the Act because she was better qualified is not a separate ground for appeal. To that extent, the Commission did not err.

Subsection (b), however, does not restrict the type of personnel actions from which appeals may be taken, though it does limit the ground for appeal to violation of Section 905.1 (anti-discrimination section). Thus, the question remains whether Appellant is entitled to demonstrate her superior qualifications in support of her contention of discrimination.

The Commission apparently considered applicants' relative qualifications of some importance since, although it limited the theory of the appeal to discrimination, it found, in Finding of Fact No. 18, that "the strengths and weaknesses of all the applicants for the position of Claims Settlement Agent II were considered" and wrote in its adjudication that Gottfried has been awarded the promotion because "[h]is strengths were judged greater by his supervisor. . . ." At the hearing, the Supervisor testified that he had considered the "merits" of the various applicants and had analyzed their relative strengths and weaknesses;[5] yet when on cross-examination Appellant's counsel asked the Supervisor specifically to explain those strengths and weaknesses, the Chairman repeatedly sustained objections by DPW's counsel and, in apparent contradiction to the statements in the adjudication, instructed Appellant's counsel that the question was not relevant to the discrimination issue. Her counsel argued before the Commission, and repeats in Appellant's brief, that a sex discrimination charge can be sustained by proof of the subjective intent of the alleged discriminator,

---

[5] The Supervisor testified that he made a "detailed analysis" of the applicants' qualifications and, finding them to be fairly even, made his choice on the basis of seniority.

and that one way to prove intent to discriminate in this case is to show that the appointing authority promoted the less qualified applicant. We agree.

In *Mawn v. State Civil Service Commission*, 17 Pa. Commonwealth Ct. 9, 330 A.2d 271 (1975), wherein the sole allegation was that of discrimination, we held that; in refusing to permit inquiry into a state employee's motives in blocking a promotion, the Commission had taken too restrictive a view of the nature of the proceeding before it. In remanding for a new hearing, we stated:

> [A]t the hearing below certain members of the Commission exhibited an unseemly truculence and improper impatience with the appellant's counsel's efforts to present his case. We are fully aware of the Commission's burdensome caseload and of the undesirability of repetitious questioning. However, fundamental fairness requires that counsel for employes contending that they have been the subjects of discrimination, an activity always difficult to prove, should be given wide latitude in cross-examination. Since it is not to be expected that employers will admit to unlawful bias, cases of this kind must more often than not rest on inferences drawn from acts and the credibility of the explanations assertedly justifying them.

17 Pa. Commonwealth Ct. at 14, 330 A.2d at 274. This language effectively governs the instant case.

In matters of promotion, the issue of discrimination is inextricably tied to the question of qualifications. If, of several applicants for a position, the appointing authority chooses someone other than the best qualified person, the inference is strong, if not irresistible, that he was motivated by some non-merit factor. While we do not pass upon the merits of Appellant's claim, we conclude that she must be given the

opportunity to present evidence from which the inference of discrimination might be drawn. The evidence Appellant sought to introduce was clearly relevant to the inquiry, and the Commission erred in refusing to hear it.

We find support for our holding herein in our decisions interpreting Section 5(a) of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §955(a), which declares it an unlawful discriminatory practice for any employer to discriminate against any individual because of sex "with respect to compensation, hire, tenure, terms, conditions or privileges of employment, *if the individual is the best able and most competent to perform the services required.*" (Emphasis added.) We think that the emphasized portion of Section 5(a) does no more than incorporate that which logic makes obvious, namely, that unless an individual is the best qualified for a position, he cannot claim that, in being denied the position, he was the victim of sex discrimination. In *General Electric Corp. v. Pennsylvania Human Relations Commission,* Pa. , 365 A.2d 649 (1976), our Supreme Court held that the employer has the burden of proving that the complainant is *not* the "best able and most competent to perform the services required," thereby reversing our holding, found at 18 Pa. Commonwealth Ct. 316, 334 A.2d at 817 (1975), that the burden was upon the complainant to prove his superior qualifications. Although there was disagreement on the issue of the burden of proof, both our opinion and that of the Supreme Court make clear that the question of applicants' relative qualifications and abilities is of pivotal importance to the issue of sex discrimination.

Accordingly, we

#### ORDER

AND Now, this 18th day of May, 1977, the decision of the State Civil Service Commission is set aside and the case remanded for a new hearing consistent with this opinion.