Donald L. Myers, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

Eugene Lubenetski, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

Argued June 8, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

368 ·

*Robert W. Barton*, with him *Killian & Gephart*, for petitioners.

*J. Leonard Langan*, Assistant Attorney General, with him *Edward Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., July 20, 1979:

Petitioners in these consolidated appeals challenge orders of the State Civil Service Commission (Commission) denying their requests for hearings concerning certain personnel actions of their employer the Pennsylvania Liquor Control Board (Board).[1] We affirm.

A detailed recitation of the facts in these appeals is unnecessary since the question which we must decide is whether these petitioners were entitled to a hearing before the Commission regarding the failure of the Board to promote them. In 1902 C.D. 1978, petitioner asserts that the Board wrongly promoted

---

[1] In 1902 C.D. 1978 the Commission's order based the denial of a hearing on grounds the appeal was not timely filed. Petitioner in this case alleges the existence of certain facts which he believes would establish the timeliness of his appeal or alternatively establish a justification for its lateness. Since we have determined that neither petitioner is entitled to a hearing the issue of timeliness is no longer relevant and we will therefore discuss it no further.

someone else to the position of Liquor Store General Manager III by utilizing an eligibility list no longer in effect. Petitioner in 1903 C.D. 1978, although for different reasons, likewise objects to the promotion procedure used to fill a position sought by him.

Section 951 of the Civil Service Act (Act)[2] sets forth the circumstances under which it is appropriate for the Commission to conduct a hearing.

(a) Any regular employe in the classified service may, within twenty calendar days of receipt of notice from the appointing authority, appeal in writing to the commission. *Any permanent separation, suspension for cause, furlough or demotion* on the grounds that such action has been taken in his case in violation of the provisions of this act, upon receipt of such notice of appeal, the commission shall promptly schedule and hold a public hearing. . . .

(b) Any person who is aggrieved by an alleged violation of section 905.1 of this act [prohibiting employment discrimination] may appeal in writing to the commission within twenty calendar days of the alleged violation. Upon receipt of such notice of appeal, the commission shall promptly schedule and hold a public hearing. . . .

. . . .

(d) Notwithstanding any other provisions of this section, the commission may, upon its own motion, investigate any personnel action taken pursuant to this act and in its discretion, hold public hearings. . . . (Emphasis added.)

The statutory language is clear and specific; under the circumstances described in subsections (a) and

---

[2] Act of August 5, 1941, P.L. 752, *as amended*, added by Section 27 of the Act of August 27, 1963, P.L. 1257, *as amended*, 71 P.S. §741.951.

(b) of Section 951 the employee is entitled to a hearing of right, while in all other cases the Commission is invested with substantial discretion to determine whether a hearing is needed.

Subsection (a), under which both the present appeals were taken, is limited to actions involving a permanent separation, suspension for cause, furlough, or demotion. "Since the action[s] here [do] not fall within one of those categories, [petitioners have] no right of appeal under subsection (a). . . ." *Lynch v. Department of Public Welfare*, 30 Pa. Commonwealth Ct. 235, 238-39, 373 A.2d 469, 471 (1977).

Subsection (b) is likewise unavailing to petitioners' position since both appeals were brought under subsection (a). Additionally, the record fails to suggest the existence of any facts which would support a finding of discrimination.

Unable to establish the factual foundation prerequisite to a hearing of right, petitioners could only hope the Commission would find, in the exercise of its discretion, that a hearing was needed. Commission Chairman McCarthy, by letters addressed to petitioners' then counsel of record, clearly indicated the Commission had been unable, after investigation, to substantiate the allegations concerning improper promotion procedures. The letter concerning the circumstances in the case of petitioner in 1903 C.D. 1978 is illustrative: "Although the Commission denied the appeal for the reasons indicated in the attached Order, the Commission staff has investigated the manner in which the promotion was executed. . . . In the final analysis, however, the Commission found no irregularity in the procedures used to effect the promotion." We think the Commission's actions in this regard comport with the requirements of Section 951(d) of the Act and evidence no abuse of discretion.

Accordingly, we will enter the following

ORDER

AND Now, July 20, 1979, the orders of the State Civil Service Commission dated July 20, 1978, at Appeal Nos. 2494 and 2496 are hereby affirmed.