Commonwealth of Pennsylvania, Department of Transportation, Petitioner *v.* Gerald O. Wible, Respondent.

Argued February 3, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Michael J. McCanery, Jr.,* with him *Mark Hodgeman,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for petitioner.

*Charles W. Johnston, Handler and Gerber, P.C.,* for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., June 6, 1983:

The Pennsylvania Department of Transportation (D.O.T.) appeals a State Civil Service Commission (Commission) decision ordering the promotion of Gerald O. Wible. We affirm.

Wible was employed by D.O.T. as a Civil Engineer III, regular status.[1] His job, Assistant Maintenance Engineer, was upgraded from Civil Engineer III to Civil Engineer IV.[2] He sought promotion to one of two vancancies as Civil Engineer IV, and received recommendations from his immediate supervisor and the District Engineer. One vacancy was filled. Dan Mays, who lacked the required qualifications for Civil Engineer IV, was given a similar non-civil service position,[3] with the proviso that he would be promoted to Civil Engineer IV when he qualified. The Commission concluded that was a device calculated to favor Mays over Wible. Wible was in all respects qualified for the promotion.

---

[1] Civil Engineer III is a civil service position.

[2] The upgraded ranking would be effective initially to those newly hired or promoted to Assistant Maintenance Engineer.

[3] The post was Highway Maintenance Manager IV, a *non-civil service position.*

The purpose of the Civil Service Act[4] is to achieve "greater efficiency and economy in the administration of the government of this Commonwealth. . . ."[5] It calls for the "establishment of conditions of service which will attract to the service of the Commonwealth qualified persons of character and ability and their appointment and promotion on the basis of merit and fitness. . . ."[6]

In cases where we have considered possible discrimination in the promotion process, our Court, in *Lynch v. Department of Public Welfare,* 30 Pa. Commonwealth Ct. 235, 240, 373 A.2d 469, 472 (1977), stated:

> In matters of promotion, the issue of discrimination is inextricably tied to the question of qualifications. If, of several applicants for a position, the appointing authority chooses someone other than the best qualified person, the inference is strong, if not irrestible that he was motivated by some non-merit factor.

The Commission found that Mays was unqualified for the position, concluding that it was a non-merit selection. An adjudication of the Commission must be affirmed unless it is not supported by substantial evidence.[7] The record in this case supports its findings.

Affirmed.

### Order

The order of the Pennsylvania Civil Service Commission, Appeal No. 3253 dated November 24, 1981, is hereby affirmed.

---

[4] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.1 *et seq.*

[5] 71 P.S. §741.2.

[6] 71 P.S. §741.2.

[7] 2 Pa. C. S. §704.