543 A.2d 1261

Katherine A. Keim, Petitioner *v.* Commonwealth of Pennsylvania, Department of Health, Respondent.

Katherine A. Keim, Petitioner *v.* Commonwealth of Pennsylvania, Department of Health, Respondent.

Argued April 22, 1988, before Judges DOYLE, PALLA-DINO and SMITH, sitting as a panel of three.

*Frank P. Clark,* with him, *Steven A. Stine* and *Michael I. Levin, Cleckner and Fearen,* for petitioner.

*Stephen D. Tompkins,* Assistant Counsel, with him, *Barbara G. Raup,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, July 5, 1988:

Katherine A. Keim (Appellant) petitions for review of two separate orders of the State Civil Service Commission (Commission) summarily dismissing her appeals under Section 951(b) of the Civil Service Act (Act)[1] on the ground that "[A]ppellant has not indicated acts which, if proven, would constitute discrimination, although requested to do so on the Appeal Request Form."

Appellant was employed by the Pennsylvania Department of Health (Department) at the Bellefonte State Health Center as a Community Health Nurse I. On October 27, 1986, Appellant applied for three separate positions within the Department: Epidemiology Investigator II (Investigator), Public Health Program Administrator II (Administrator), and Public Health Educator I (Educator). The job posting for the Administrator position read in relevant part:

4. . . . Applicants must,

b. Have regular Civil Service status of 10/ 29/86 in job title(s): Public Health Program Administrator I, Community Health Nurse Supervisor and Administrator, Public Health Educator 1[.] Employes who occupy other qualifying lower level Civil Service classes may apply and a determination will be made as to whether a logi-

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.951(b). Section 951(b) was added by Section 27 of the Act of August 27, 1963, P.L. 1257.

cal occupational, functional, or career developmental relationship exists with the posted position, and/or whether there is a clear linkage between most of the required knowledges [sic], skills and abilities with those needed for the the [sic] posted position.

The job requirements for the Investigator position were the same as the requirements for the Administrator position except that the specifically enumerated positions which would qualify an applicant for that position were "Epi Investigator 1; Public Health Program Rep 2 & 3; Public Health Program Administrator 1; Community Health Nurse Supervisor."

The Educator position had a requirement that all applicants meet minimum educational requirements as follows:

Two years as health educator, or such training as many have been gained through graduation from a four-year college or university with major course work in natural sciences, social sciences or education; supplemented by graduate courses in public health education to the level of a masters degree.

It is immediately apparent, therefore, that Appellant did not presently hold a position that qualified her, by classification, for any of the three positions applied for.

On November 25, 1986, Appellant was found ineligible for the Investigator position. The basis for this finding was given in the memorandum of the Department's Chief of Recruitment and Placement, Evelyn Hunt to Appellant, which stated:

In accordance with Management Directive 580.19, entitled Promotion in the Classified Service Without Examination, 'the employee selected for promotion must have had regular status in the next lower position.' You are currently not

in one of the classes deemed as the 'next lower position' and therefore are ineligible to apply for this position.

On December 3, 1986, Appellant was found ineligible for the Administrator's position on the same basis. Also on December 3, 1986, Appellant was informed of her ineligibility for the Educator position because "[a] preliminary review of your application indicates that you do not qualify for the position of Public Health Educator I."

Appellant appealed all three non-selection determinations under Section 951(b) of the Act alleging discrimination. On her Appeal Request Form regarding her non-selection for the Administrator position, she stated the basis of her claim as follows:

> I was denied opportunity for consideration based on criteria which did not appear on the announcement, and which criteria have nothing to do with merit. The announcement states clearly that employees in classes other than those specifically named may apply. The denial memo introduces a new stipulation, the 'next lower position', which is not merit related, and which was then arbitrarily applied and excluded me from consideration for this position for which I am qualified. (Memo attached.)
>
> Further, I am a member and an officer of the Pennsylvania Nurses Association, while the appointee is not.
>
> Further, I am a female, while the appointee is male.

The basis of her appeals from her non-selection for the Investigator and Educator positions was likewise stated.

By order issued February 24, 1987, the Commission dismissed Appellant's appeals from her non-selection for promotion to the Administrator and Investigator posi-

tions because "[A]ppellant had not indicated acts which, if proven, would constitute discrimination, although requested to do so on the appeal form." In a separate order issued the same day, the Commission dismissed her appeal from her non-selection for promotion to the Educator position on the same basis as that given for the dismissal of her other appeals. This appeal followed.[2]

An employee who is appealing her non-selection for promotion may do so only on the basis of discrimination. *Taylor v. State Civil Service Commission,* 67 Pa. Commonwealth Ct. 594, 597 n.3, 447 A.2d 1098, 1099 n.3 (1982). The burden of prosecuting such an appeal rests with the employee. *Pannacci v. State Civil Service Commission,* 101 Pa. Commonwealth Ct. 602, 604 n.1, 516 A.2d 1327, 1328 n.1 (1986). The underlying factual basis of the claimed discrimination must be enumerated specifically. *Hunter v. Jones,* 417 Pa. 372, 207 A.2d 784 (1965). Discrimination cannot be inferred; there must be affirmative factual support to sustain the allegations. *Tempero v. Department of Environmental Resources,* 44 Pa. Commonwealth Ct. 235, 403 A.2d 226 (1979).

We have allowed the Commission to dismiss Section 951(b) appeals *sua sponte* without a hearing where the appeal fails to state a claim. *Behm v. State Civil Service Commission,* 90 Pa. Commonwealth Ct. 207, 494 A.2d 1166 (1985). *See also Samuel v. State Civil Service Commission,* 104 Pa. Commonwealth Ct. 474, 480 n.6, 522 A.2d 163, 166 n.6 (1987). Thus, we must determine

---

[2] Our scope of review over decisions of the State Civil Service Commission is limited to determining whether constitutional rights or the provisions of 2 Pa. C. S. §§501-508 have been violated, an error of law has been committed, and whether the Commission's essential findings of fact are unsupported by substantial evidence. 2 Pa. C. S. §704; *Pennsylvania Department of Community Affairs v. Colston,* 104 Pa. Commonwealth Ct. 165, 521 A.2d 509 (1987).

whether Appellant's appeals stated sufficient facts to establish a claim. The guide we turn to in determining whether an employee has stated a claim on the basis of discrimination is 4 Pa. Code §105.12(c), which states:

> (c) Appeals alleging discrimination which do not include specific facts relating to discrimination may be dismissed. Specific facts which should appear on the appeal form include:
> (1) The acts complained of.
> (2) How the treatment differs from treatment of others similarly situated.
> (3) When the acts occurred.
> (4) When and how the appellant first became aware of the alleged discrimination.

Appellant's first allegation, argued in all three appeals, is that she is an Officer of the Pennsylvania Nurses Association, a labor union, while the person ultimately selected for the position in each case was not. While Section 905.1 of the Act[3] by its terms prohibits discrimination based on labor union affiliation, the mere allegation that a nonunion member was chosen for a position over a union member is insufficient to state a cause of action on the basis of Section 905.1. *Bellew v. State Civil Service Commission,* 117 Pa. Commonwealth Ct. 447, 543 A.2d 1266 (1988).

Next, Appellant alleges that her non-selection for the Public Health Administrator position was discriminatory because she is "a female, while the appointee is a male." Although claims of sex discrimination are cognizable under Section 905a, *see Lynch v. Department of Public Welfare,* 30 Pa. Commonwealth Ct. 235, 373 A.2d 469 (1977), Appellant's allegation that a male was

---

[3] Section 905.1 was added by Section 25 of the Act of August 27, 1963, P.L. 1257.

selected *standing alone* is insufficient to state a claim. *Bellew.*

We now turn to Appellant's claim that her non-selection for the Investigator's and Administrator's positions was due to the Department of Health's misapplication of Management Directive 580.19. More specifically, she contends that because the Management Directive requires an applicant to have "regular status in the next lower position," and this fact was not expressly stated on the job notice, she was discriminated against by the Department of Health. We disagree.

Management Directive 580.19 merely implements the provisions of Sections 501 and 601 of the Act.[4] Properly issued management directives, such as this one, have the force and effect of law. *Reneski v. Department of Public Welfare*, 84 Pa. Commonwealth Ct. 226, 479 A.2d 652 (1984); *Ging v. Unemployment Compensation Board of Review*, 84 Pa. Commonwealth Ct. 244, 479 A.2d 37 (1984). Therefore, whether Appellant had any actual knowledge of the requirements of Management Directive 580.19 is irrelevant as that knowledge is imputed. *Ging; Bowe v. Unemployment Compensation Board of Review*, 83 Pa. Commonwealth Ct. 221, 477 A.2d 587 (1984).

Under Section 2 of Directive 580.19, an employee seeking promotion without examination must: (1) have had regular status in the next lower position; and (2) meet the minimum requirements for the higher position; and (3) receive the unqualified recommendations of both the immediate supervisor and the appointing authority. "Next lower position" is defined in Section 3(e) of Directive 580.19 as being a position in:

(1)   the next lower class in the same class series; or

---

[4] 71 P.S. §§741.501, 741.601.

(2)  a lower class level for which the appointing authority can establish a logical occupational, functional, or career developmental relationship to the higher position; or

(3)  a lower level class for which the appointing authority can demonstrate a clear linkage between most of the required knowledges [sic], skills, and abilities with those needed for the higher position.

Furthermore, Section 4(b) in the job postings for Administrator and Investigator tracks the language of 3(e)(2) and 3(e)(3) of Directive 580.19.

Appellant here has failed to allege *any* facts indicating that there is some occupational, functional or career development linkage between Appellant's position as a Community Health Nurse I and either the Administrator or the Investigator. Further, there are no facts alleged which would support a conclusion that there is any linkage of knowledge, skills and abilities between Appellant's position and the positions she desired. Thus, the appeal was properly dismissed.

The only challenge Appellant raises to her nonselection for the Educator position is that the requirement that she have two years' experience as a health educator or a university degree "supplemented by graduate courses in public health education *to the level of a master's degree,*" cannot be read as *requiring* a master's degree in either public health or public health education. We disagree. Although the education requirement of the job posting could have been more artfully expressed, we believe that the appointing authority's interpretation of the *requirement* of a master's degree is rational and in no way indicates impermissible discrimination.

Last, Appellant contends that the Commission's dismissal of her appeals without allowing her an opportu-

nity to amend denied her due process. It is clear, however, that "[a]ppeals alleging discrimination which do not include specific facts relating to discrimination *may be dismissed*." 4 Pa. Code §105.12(c) (emphasis added). And, while the Commission can entertain an amendment, *see* 4 Pa. Code §105.12(d), the determination as to whether an amendment will be permitted is discretionary with it. *Id.* Here, Appellant never petitioned to amend, nor did she request reconsideration after the Commission entered its order. *See* 4 Pa. Code §105.17.

Because we have determined that Appellant did not, in any of her Appeal Request Forms, specifically plead a cause of action on the basis of discrimination, we affirm the Commission's orders.

Affirmed.

### ORDER

Now, July 5, 1988, the orders of the State Civil Service Commission in the above-captioned matters are hereby affirmed.