117 Pa. Commonwealth Ct. 447 (1988)
543 A.2d 1266
Carol A. Bellew, Petitioner
v.
Commonwealth of Pennsylvania, State Civil Service Commission, Respondent.
Carol A. Bellew, Petitioner
v.
Commonwealth of Pennsylvania, State Civil Service Commission, Respondent.
Nos. 253 C.D. 1987 and 396 C.D. 1987.
Commonwealth Court of Pennsylvania.
Argued April 21, 1988.
July 5, 1988.
Argued April 21, 1988, before Judges DOYLE, BARRY and McGINLEY, sitting as a panel of three.
*448 Mark P. Widoff, Widoff, Reager, Selkowitz & Adler, P.C., for petitioner.
Barbara G. Raup, Chief Counsel, for respondent.
OPINION BY JUDGE DOYLE, July 5, 1988:
This is an appeal by Carol A. Bellew (Appellant) from two orders of the State Civil Service Commission (Commission) the first of which dismissed her request for a hearing on the basis that she had not stated acts which, if proven, would constitute discrimination, and the second of which denied her request for reconsideration and, by implication, her petition to amend her Appeal Request Form.
According to her Appeal Request Form Appellant is employed as an Educational Research Associate I, regular status with the Department of Education (Appointing Authority). She appealed to the Commission from her non-selection for promotion without examination to the position of Educational Statistics Supervisor. The Appointing Authority advised her by letter of her non-selection stating that her present classification would not be deemed as the next lower level to the position which she sought. On her Appeal Request Form, in response to directions that she state specifically the acts of discrimination, Appellant alleged only that she believed that her present classification clearly met the requirements of the next lower classification and that the Appointing Authority in deciding to the contrary incorrectly applied the relevant management directive, thereby discriminating against eligible employees. The Commission sua sponte determined that these allegations *449 were legally insufficient to entitle Appellant to a hearing. It therefore dismissed her appeal. Appellant then apparently retained counsel who timely filed a Petition for Reconsideration to which was attached a motion to amend her Appeal Request Form. The Commission denied reconsideration and, therefore, did not specifically rule upon the motion to amend. Appellant now appeals to this Court from both of the Commission's orders.
Our scope of review over appeals from the Commission is limited to determining whether it has committed a legal error or violated constitutional provisions and whether its necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. An employee contesting his or her non-selection for promotion has a limited appeal right which is restricted to a situation where the employee alleges discrimination. Pannacci v. State Civil Service Commission, 101 Pa. Commonwealth Ct. 602, 604 n. 1, 516 A.2d 1327, 1328 n.1 (1986). In such situations the employee bears the burden of proof, Pannacci, and is required to allege with specificity the basis underlying the claim of discrimination. Sienkiewicz v. Department of Public Welfare, 53 Pa. Commonwealth Ct. 445, 417 A.2d 874 (1980). Ultimately to prevail, he or she must substantiate his or her claim factually at the hearing. Id.
We have previously permitted the Commission to dismiss, sua sponte, an appeal for what is, in essence, a failure to state a cause of action under the Civil Service Act in cases where the appeal alleges discrimination under Section 951(b) of the Act,[1] 71 P.S. §741.951(b). See Samuel v. State Civil Service Commission, 104 Pa. *450 Commonwealth Ct. 474, 480 n.6, 522 A.2d 163, 166 n.6 (1987). Thus, the sua sponte dismissal action taken here is not prohibited per se. Accordingly, we must consider whether the Commission committed legal error in determining that Appellant's allegations were legally insufficient. We are, of course, aware that discrimination cannot be inferred. Delaware County Board of Assistance v. Balanow, 63 Pa. Commonwealth Ct. 388, 437 A.2d 1312 (1981).
Appellant, on her Appeal Request Form, alleged essentially two things. First, she maintained that her current position "meets the requirements" for the position to which she sought selection and second, she asserted that the Appointing Authority's conclusion to the contrary was violative of Management Directive 580.19. Section 3(e) of that Directive defines "next lower position" as a position in:
(1) the next lower class in the same class series; or
(2) a lower level class for which the appointing authority can establish a logical occupational, functional, or career developmental relationship to the higher position; or
(3) a lower level class for which the appointing authority can demonstrate a clear linkage between most of the required knowledges [sic], skills, and abilities with those needed for the higher position.
The definition of the term "next lower position" in Management Directive 580.19(3)(e) is critical because Section 2 of that Directive demands that every person promoted without examination must:
(1) have had regular status in the next lower position.
(2) meet the minimum requirements for the higher position; and

*451 (3) receive the unqualified recommendations of both the immediate supervisor and the appointing authority.
See also Section 501 of the Civil Service Act, 71 P.S. §741.501.
Certainly if a management directive is violated there may be a cause of action available to Appellant. See generally Reneski v. Department of Public Welfare, 84 Pa. Commonwealth Ct. 226, 479 A.2d 652 (1984) (providing that in certain instances a management directive may have the force and effect of law). But the focus here must be upon what Appellant alleged. And in neither her original appeal form nor her proposed amendment did she allege anything other than conclusive allegations. There are simply no facts pled which would indicate discrimination. Appellant, in actuality, says nothing more than that she should have been the selectee because she occupied the next lower position. We can discern no factual allegations of how her present position made her qualified as she does not recite even in summary form what her current job duties are and how they correspond to the duties of the position to which she sought promotion. We thus think that her Appeal Request Form is no more specific than merely alleging, for example, that a white employee was promoted and that the non-selectee was black, or that the employee who was promoted was male and the non-selectee was female. Such conclusive statements simply do not allege sufficient information to state a cause of action on the basis of discrimination.
We have previously recognized that the Commission in its Appeal Request Form advises the employee to state the grounds for the alleged discrimination with specificity. See Behm v. State Civil Service Commission, 90 Pa. Commonwealth Ct. 207, 494 A.2d 1166 (1985). The caselaw, beginning with Hunter v. Jones, 417 Pa. *452 372, 207 A.2d 784 (1965) requires adherence to that advice. Additionally, the Commission has promulgated a regulation which also mandates specific pleading. See 4 Pa. Code §105.12(c). Were we to hold that by merely alleging that one is qualified for a promotion, the individual has pled enough to entitle him or her to a hearing, we believe the Commission could be besieged with appeals, most of which would involve challenges, not on the basis of discrimination, but to managerial prerogative. Considering that the legislature has restricted the appeal rights for appeals involving non-selection for promotion to those situations where discrimination is alleged, see Pronko v. Department of Revenue, 114 Pa. Commonwealth Ct. 428, 539 A.2d 456 (1988), we do not believe that it intended to permit appeals on the basis of generalized and conclusive allegations such as those present here.
Based upon the foregoing opinion, the Commission's order dismissing Appellant's appeal is affirmed.

ORDER
NOW, July 5, 1988, the order of the State Civil Service Commission which dismissed Appellant's appeal is hereby affirmed.
NOTES
[1] Act of August 5, 1941, P.L. 752, as amended. Section 951(b) was added to the Civil Service Act by Section 27 of the Act of August 27, 1963, P.L. 1257.