800 A.2d 364 (2002)
Daniel CRAIG, Petitioner,
v.
STATE CIVIL SERVICE COMMISSION, (DEPARTMENT OF ENVIRONMENTAL PROTECTION), Respondent.
Commonwealth Court of Pennsylvania.
Submitted on Briefs April 26, 2002.
Decided June 7, 2002.
Daniel Craig, petitioner, pro se.
*365 Earl R. Dryer, Harrisburg, for respondent.
Before COLINS, President Judge, COHN, Judge, and MIRARCHI, JR., Senior Judge.
OPINION BY President Judge COLINS.
Daniel Craig, pro se, petitions for review of the order of the State Civil Service Commission (Commission) denying his request for a hearing because he failed to allege specific acts of discrimination as required by 4 Pa.Code § 105.12(c) (Code). We affirm in part, and vacate and remand in part.
On November 9, 2001, Craig was advised that he was discharged from his Clerk 2 position, probationary Civil Service status, because he did not successfully complete his probationary period. Craig challenged the determination and filled out an appeal request form. On the appeal request form, Craig alleged discrimination and marked boxes stating "race," "sex," and "disability" as the types of alleged discrimination. Craig also answered the four questions provided on the form and provided other information he thought was relevant. The Commission denied the request because there was an insufficient allegation of discrimination. This appeal follows.[1]
Craig raises four issues for our review. Essentially, Craig questions whether the Commission erred in determining that his allegations of discrimination were legally insufficient. Section 105.12(c) of the Code provides:
(c) Appeals alleging discrimination which do not include specific facts relating to discrimination may be dismissed. Specific facts which should appear on the appeal form include:
(1) The acts complained of.
(2) How the treatment differs from treatment of others similarly situated.
(3) When the acts occurred.
(4) When and how the appellant first became aware of the alleged discrimination.
4 Pa.Code § 105.12(c).
The Commission may dismiss, sua sponte, an appeal for what is, in effect, a failure to state a cause of action for discrimination under Section 905.1 of the Civil Service Act (Act).[2]Keim. Here, the Commission denied the request for a hearing because Craig failed to allege acts that would constitute discrimination. When an aggrieved party alleges discrimination, the party bears the burden of proof, Pannacci v. State Civil Service Commission, 101 Pa.Cmwlth. 602, 516 A.2d, 1327, 1328 n. 1 (1986), and is required to allege with specificity the basis underlying the claim of discrimination. Bellew v. State Civil Service Commission, 117 Pa.Cmwlth. 447, 543 A.2d 1266, 1267 (1988). Discrimination cannot be inferred; there must be affirmative factual support to sustain the allegations. Hunter v. Jones, 417 Pa. 372, 207 A.2d 784 (1965). The Commission may dismiss an appeal when an aggrieved party fails to allege discrimination with sufficient specificity. 4 Pa.Code § 105.12(c).
In response to the question of what action(s) occurred which led to his belief *366 that he was discriminated against, Craig wrote, "High rate of minority discharges. Unfair policies against minority workers in records department. Work was not evenly disbursed. Asian, white workers were given the least amount of work to be performed." Craig wrote that the actions occurred at the "Department of Environmental Protection Records Department Conshohocken, PA. Actions occurred May 30, 2001 until present time." Craig named three individuals as responsible for the discrimination. He further delineated that "Robert Robinson is believed to be Homosexual who sought discrete bribery tactics against male workers!, Robert Robinson declared disability laws are not important, could not use union representation." His reply to what Civil Service Act and/or Rules were violated was, "Discriminatory."
Craig argues that his removal was discriminatory because Robert Robinson was believed to be a homosexual who bribed male workers. This general and conclusory allegation standing alone is clearly insufficient to state a claim. We further find no support in Craig's allegation of disability discrimination. Craig did not provide the Commission with any facts supporting his general allegation of disability discrimination. Thus, the Commission was correct in finding that Craig's allegations of sexual and disability discrimination were legally insufficient. Delaware County Board of Assistance v. Balanow, 63 Pa.Cmwlth. 388, 437 A.2d 1312 (1981).
Craig also maintains that he was racially discriminated against, noting a high rate of minority discharges and unequal distribution of work among certain employees who worked at the Department of Environment Protection in Conshohocken, Pennsylvania. Craig writes that minorities in a specific department were discriminated against in that they were given more work than white and Asian workers. He also states that there was a high rate of minority discharges. Craig names three people who discriminated against him and states that the discrimination occurred from May 30, 2001 until the present time.
While Craig may have worded his appeal request form in a simplistic and brief fashion, "it is not proper to hold those who utilize government forms to report actionable misconduct to an impossibly high standard of reportage...." Filice v. Department of Labor & Industry, 155 Pa. Cmwlth. 347, 625 A.2d 148 (1993). In regard to racial discrimination, he did fulfill four of the requirements set forth in 4 Pa.Code § 105.12(c), at least to the degree that any gaps in his written appeal could have been filled in and explored at a hearing. Filice. Therefore, we vacate in part the Commission's order and remand this matter to the Commission, directing that it grant a hearing to Craig, based on his original request form alleging racial discrimination, in order to give both parties an opportunity to present their cases through a hearing.
Accordingly, the order of the State Civil Service Commission is affirmed in part, and reversed and vacated in part, and the matter is remanded.

ORDER
AND NOW, this 7th day of June 2002, the order of the Pennsylvania State Civil Service Commission in the above-captioned matter is affirmed in part, and reversed and vacated in part, and the matter is remanded for a hearing on the merits of the appeal, as set forth in the appeal request form of November 16, 2001 regarding racial discrimination only.
Jurisdiction relinquished.
NOTES
[1] This Court's scope of review is limited to determining whether the Commission has violated constitutional provisions or committed an error of law, and whether findings of facts are supported by substantial evidence. 2 Pa. C.S. § 704. Keim v. Department of Health, 117 Pa.Cmwlth. 452, 543 A.2d 1261 (1988).
[2] Act of August 5, 1941, P.L. 752, as amended, 71 P.S. § 741.905a, added by Section 25 of the Act of August 27, 1963, P.L. 1257.