Monique ALLEN, Petitioner

v.

**STATE CIVIL SERVICE COMMIS-
SION (Pennsylvania Board of Pro-
bation and Parole), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 15, 2010.

Decided April 7, 2010.

David L. Deratzian, Bethlehem, for petitioner.

Karen Denise Wood, Asst. Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and BUTLER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge BUTLER.

Monique Allen, Petitioner (Petitioner), Petitions for Review of the Order of the State Civil Service Commission (SCSC) dated August 10, 2009 that affirmed the previous Order of the SCSC, which denied there were sufficient allegations of discrimination in Petitioner's SCSC Appeal Request Form. The issue before this Court is as follows: whether the SCSC erred as a matter of law by denying Petitioner's request that the SCSC reconsider its Order denying her request for a hearing regarding her demotion and reassignment because she failed to adequately state a claim for disability discrimination. The essence of the issue before this Court is whether Petitioner offered a sufficient allegation of discrimination, i.e., whether the allegations in Petitioner's Appeal Request Form meet the *specificity* requirements for SCSC appeals involving alleged employment discrimination. For the reasons that follow, we affirm the Order of the SCSC.

Petitioner, a Corrections Officer I, with the Pennsylvania Department of Corrections (DOC), SCI Frackville, was promoted on a probationary basis to the position of Parole Agent I with the Pennsylvania Board of Probation and Parole (PBPP). As a part of the selection process, Petitioner was required to attend and complete a six-week training program at the DOC's Basic Training Academy (BTA) in Elizabethtown, PA. During the third week of the training, the Defensive Tactics week, Petitioner became ill and she was unable to complete the required Defensive Tactics training scenarios. She so informed her instructor, her supervisor and the training coordinator. The training coordinator, Michelle Musser, advised Petitioner: "you have to do the scenarios or you will have to come back." Petitioner agreed to come back, i.e., she agreed to a retest for the

scenarios in question. Thereafter, according to Petitioner, she completed all aspects of the BTA, except the Defensive Tactics scenarios, and then returned to SCI Frackville without retesting for the scenarios at issue. Reproduced Record (R.R.) at 26a–27a.

Subsequent to Petitioner's return to SCI Frackville, the PBPP initiated a disciplinary proceeding against Petitioner regarding her actions/conduct while attending the BTA. More specifically, the PBPP informed Petitioner of the following:

> You violated the Board's Code of Conduct, Sections B.4 (a), B.4 (b) and B.14 when you displayed inappropriate and unprofessional behavior during the Basic Training Academy and refused to participate fully in all training activities.

Certified Record (C.R.), Doc. 1 at 5. After a fact finding conference, the PBPP further informed Petitioner:

> ... it has been determined that the following actions are warranted for the charges stated above. In lieu of disciplinary action being taken, you are being removed from your probationary Parole Agent 1 position for unsatisfactory work performance in accordance with Chapter 97.37 of the Civil Service Rules. You are being returned to the class of Corrections Officer 1 with the Department of Corrections effective at the close of business on Friday, June 5, 2009.

*Id.*

Petitioner then initiated the SCSC administrative appeals proceedings which have culminated in the Petition for Review which is now before this Court.[1]

The procedural history of this case is quite straight forward. By letter to Petitioner dated June 3, 2009, the PBPP informed Petitioner that adverse personnel actions were being taken against her for unsatisfactory work performance. *Id.* Petitioner then filed an Appeal Request Form with the SCSC, requesting an appeal of the June 3, 2009 decision of the PBPP. By Order dated July 15, 2009, and mailed July 17, 2009, the SCSC informed Petitioner that: *"the request for hearing [was] denied as there was an insufficient allegation of discrimination."* R.R. at 4a (emphasis added). Petitioner then filed, by letter dated July 22, 2009, a Motion for Reconsideration of the SCSC's Order of July 15, 2009. R.R. at 6a. Petitioner also filed, on July 31, 2009, an Amended Appeal Request Form with the SCSC. R.R. at 15a. By Order dated August 10, 2009, the SCSC denied the Motion for Reconsideration and affirmed its previous Order. R.R. at 33a. The SCSC Order of August 10, 2009 states as follows:

> The Commission has reviewed all the information presented by you on your request for reconsideration of your client's appeal, including the Memorandum of Law and proposed amendment to this appeal. It is not clear what appellant is alleging to be her disability or if and when she disclosed her disability to the appointing authority and asked for a reasonable accommodation. An attempt to compare appellant to another employee who was permitted to retest is insufficient because: 1) appellant was also offered a retest, and 2) unlike appellant, the other employee was not also cited for "disrespectful and unprofessional behavior" during the probationary period. The Commission, after careful

---

1. The statutory and regulatory basis for the Petition for Review can be found in Section 905.1 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* added by Section 25 of the Act of August 27, 1963, P.L. 1257, 71 P.S. § 741.905a; and Section 105.12(c) of the SCSC Rules, 4 Pa.Code § 105.12(c).

consideration, hereby denies your request and reaffirms its previous Order. R.R. at 33a. Petitioner has now filed the instant Petition for Review.[2]

In her argument before this Court, Petitioner directly confronts the over-arching issue in this case—the specificity, or the lack thereof, of the allegation of employment discrimination on the face of the Appeal Request Form that she filed with the SCSC. She requested a hearing on the Decision by the PBPP to demote her from her probationary Parole Agent I position and reassign her to a Corrections Officer I position. Petitioner contends, contrary to the ruling of the SCSC, that her Appeal Request Form contained the requisite specificity. In that regard, Petitioner, in her brief before this Court, states as follows:

> Appellant's Request for Appeal and second Request for Appeal adequately set forth a claim that she was discriminated against on the basis of race and disability, and the Civil Service Commission erred in denying her requests for hearing.
>
> . . .
>
> This appeal presents a request for a hearing arising out of a demotion which was motivated by Appellant's request for reasonable accommodation of a disability during her Basic Training Academy. The face of the original appeal states "I was demoted from Parole Agent I at SCI Frackville and reassigned to Corrections Officer at SCI Graterford after I requested reasonable accommodation for a disability. A white

employee was given more favorable treatment." Thus, Appellant has raised two issues of discrimination: disability and race. After the Civil Service Commission denied the request for appeal, Appellant filed a second appeal, which set forth with specificity the nature of her disability, and the actions taken against her in violation of the Pennsylvania Human Relations Act.

Petitioner's Br. at 3–4. In this Court's view, neither the law nor the facts support these arguments by Petitioner.

*The Governing Legal Principles*

■ As a fundamental precept in litigation, one must "adequately" plead a claim or cause of action. A failure to so do can, and typically does, result in the dismissal of the claim and/or cause of action. The Civil Service Act[3] contains an expressed prohibition of discrimination. 71 P.S. § 741.905a. Hence, one can file a claim/cause of action for discrimination under the Civil Service Act. The SCSC Rules (Civil Service Rules), specifically Section 105.12(c),[4] address this adequacy of pleading issue within the context of the needed "specificity" when there are claims of employment discrimination raised in SCSC appeals. As demonstrated by the following excerpt, the requirements of the regulations are quite explicit in that regard.

> (c) Appeals alleging discrimination which do not include specific facts relating to discrimination may be dismissed.
>
> Specific facts which should appear on the appeal form include:

---

2. Our standard of review of decisions and orders of the SCSC is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, whether the provisions of 2 Pa.C.S. §§ 501–508 (related to practice and procedure of Commonwealth agencies) have been violated, or whether the factual findings are

supported by substantial evidence. 2 Pa.C.S. § 704; *Keim v. Dep't of Health,* 117 Pa. Cmwlth. 452, 543 A.2d 1261 (1988).

3. *See* footnote 1.

4. *Id.*

(1) The acts complained of.

(2) *How the treatment differs from treatment of others* **similarly situated.**

(3) When the acts occurred.

(4) When and how the appellant first became aware of the alleged discrimination.

4 Pa.Code § 105.12(c) (emphasis added).

On the face of the SCSC Appeal Request Form, there is a reference to the statute and its prohibition of discrimination. There is also a reference to a very relevant limitation on "discrimination" appeals: "the Civil Service Commission, if it determines that there has been a *sufficient allegation* of discrimination may schedule and hold a public hearing." R.R. at 2a, 16a (emphasis added).

In an earlier opinion interpreting the "specificity" language of Section 105.12(c) of the Civil Service Rules, this Court held:

> The burden of prosecuting such an appeal [ (i.e., an appeal based on discrimination) ] rests with the employee. *The underlying factual basis of the claimed discrimination must be enumerated* **specifically.** Discrimination cannot be *inferred;* there must be *affirmative* factual support to sustain the allegations. . . . Thus, [this Court] must determine *whether the Appellant's appeals stated sufficient facts to establish a claim.*

*Keim v. Dep't of Health,* 117 Pa.Cmwlth. 452, 543 A.2d 1261, 1264 (1988) (citations omitted; emphasis added). In *Keim,* Appellant "appealed" three different personnel actions effectuated by the Health Department, and she asserted three different reasons for her appeals. Two of the reasons she asserted are directly relevant to the case *sub judice.* Analyzing those two assertions, this Court in *Keim,* stated the following:

Appellant's first allegation, argued in all three appeals, is that she is an Officer of the Pennsylvania Nurses Association, a labor union, while the person ultimately selected for the position in each case was not. While Section 905.1 of the [Civil Service] Act by its terms prohibits discrimination based on labor union affiliation, *the* **mere allegation** *that a nonunion member was chosen for a position over a union member is insufficient to state a cause of action* on the basis of Section 905.1.

Next, Appellant alleges that her non-selection for the Public Health Administrator position was discriminatory because she is "a female, while the appointee is a male." Although claims of sex discrimination are cognizable under Section 905a, Appellant's *allegation that a male was selected* **standing alone** *is insufficient to state a claim.*

*Id.* at 1264–65 (citations and footnote omitted; emphasis added).

Continuing, this Court stated:

Because we have determined that Appellant did not, in any of her Appeal Request Forms, *specifically* plead a cause of action on the basis of discrimination, we affirm the Commission's orders.

*Id.* at 1266 (emphasis added).

In *Craig v. State Civil Service Commission,* 800 A.2d 364 (Pa.Cmwlth.2002), an often cited opinion regarding this "specificity" requirement, the petitioner, a terminated probationary employee of the Department of Environmental Protection (DEP), appealed an Order by the SCSC, very much like the Order in *Keim,* that denied his request for a hearing related to his termination, which he alleged was due to his race, sex and disability. The SCSC denied his appeal because he failed to allege specific acts of discrimination in his Appeal Request Form. This Court sum-

marily disposed of the petitioner's claims of discrimination, stating:

> Craig argues that his removal was discriminatory because [one of the persons responsible for the discrimination] was believed to be a homosexual who bribed male workers. This *general and conclusory allegation* standing alone is clearly insufficient to state a claim.... [Furthermore,] Craig did not provide the Commission with any facts supporting his *general allegation* of disability discrimination. Thus, the Commission was correct in finding that Craig's allegations of sexual and disability discrimination were legally insufficient.

> Craig also maintains that he was racially discriminated against, noting a high rate of minority discharges and unequal distribution of work among certain employees who worked at the Department of Environment[al] Protection in Conshohocken, Pennsylvania. Craig writes that minorities in a specific department were discriminated against in that they were given more work than white and Asian workers. He also states that there was a high rate of minority discharges. Craig names three people who discriminated against him and states that the discrimination occurred from May 30, 2001 until the present time.... *In regard to racial discrimination, he did fulfill four of the requirements set forth in 4 Pa.Code § 105.12(c). ...*

*Id.* at 366 (citations omitted; emphasis added).

Obviously, in light of this Court's holdings in *Keim* and *Craig,* mere general and conclusory allegations of discrimination are not adequate. There must be specific factual allegations of discrimination within the context of Section 105.12(c) of the Civil Service Rules, as were the allegations of racial discrimination in *Craig,* which were found to be adequate.

With regard to the case *sub judice,* the allegations and facts regarding Petitioner's Petition for Review are set-out in three different documents: Petitioner's initial SCSC Appeal Request Form, the Motion for Reconsideration and attached Memorandum of Law, and the Amended SCSC Appeal Request Form. A review of the pertinent aspects of each of the documents, informs us quite well, on the matter of "specificity."

*Petitioner's Initial Appeal Request Form*

■ In response to the Appeal Request Form question, "[w]hat action(s) occurred which led you to believe you were discriminated against?" Petitioner stated:

> I was *demoted* from Parole Agent I at SCI Frackville and *reassigned* to Corrections Officer at SCI Graterford after I requested reasonable accommodation for a disability. A white employee was given more favorable treatment.

R.R. at 2a.

In the view of the SCSC, the later referenced response to the question regarding discrimination was not adequate. In that regard, the SCSC stated:

> As a probationary employee, appellant has the burden of going forward to establish a claim of discrimination as the basis for appeal. 4 Pa.Code § 105.12(c). However, appellant *has not indicated acts,* which, if proven, would constitute discrimination, although requested to do so on the Appeal Request Form. Accordingly, the request for a hearing is denied as there was an insufficient allegation of discrimination.

R.R. at 4a (emphasis added).

This Court agrees with the analysis and conclusions of the SCSC. Petitioner merely proclaimed: (1) that she requested reasonable accommodation, and (2) that a

white employee was given more favorable treatment. Petitioner did not indicate *acts, which, if proven, would constitute discrimination.* Most assuredly, Petitioner's allegations did not address the requirements of Section 105.12(c)(2) of the Civil Service Rules, i.e., she did not specify "[h]ow the treatment [she received] differ[ed] from treatment of others [who were] similarly situated."

*Petitioner's Motion for Reconsideration and Memorandum of Law*

In Petitioner's Motion for Reconsideration, she asserts: "The stated basis for the appeal was that she was demoted in retaliation for requesting reasonable accommodation of a disability." R.R. at 7a. Yet, there are no factual statements in the Motion or the Memorandum of Law, to support this assertion. Petitioner also asserts in her Memorandum of Law: "Appellant has *raised* two issues of discrimination: disability and race." It is true that she "raised" two legal issues. More significantly though, it is true that she did not *indicate acts which, if proven, would constitute discrimination.*

*Petitioner's Amended Appeal Request Form*

■ Petitioner filed an Amended Appeal Request Form (R.R. at 15a) in an apparent attempt to "state additional facts supporting her claim of discrimination." R.R. at 7a. In her Amended Appeal Request Form, Petitioner provides additional information as an attachment to the Appeal Request Form. R.R. at 17a. She also attached two exhibits to the Appeal Request Form. Exhibit 1 is a listing of information about "fibroids," along with a magazine article on the same subject. Exhibit 2 is an unsigned statement of facts alleged by Petitioner. R.R. at 18a–26a. Petitioner's Amended Appeal Request Form contains the following statement:

I am an African American Female with a disability. I was demoted from Parole Agent I at SCI Frackville and reassigned to Corrections Officer at SCI Graterford after I requested reasonable accommodation for a disability. *The accommodation would have allowed me to do the scenario at a later date.* A white, female, non-disabled employee was given more favorable treatment, in that she consistently *failed* the test within the time scheduled, and was not demoted or removed from training. I was also retaliated against by Training Coordinator Michelle Musser and Greg Young (who were involved in my request for accommodation).

. . . .

I was denied reasonable accommodation as set forth in Exhibits 1 [ (information about "fibroids") ] and 2 [ (Petitioner's statement of alleged facts) ].

R.R. at 17a (emphasis added).

While Petitioner's statement in the Amended Appeal Request Form, identifies some acts that could conceivably constitute discrimination, i.e., disparate treatment because of race, and a failure to provide reasonable accommodation for a disability, there are major legal and factual flaws that can be gleaned from a perusal of the contents of her Amended Appeal Request Form and statement of alleged facts. As previously stated: "Appeals alleging discrimination which do not include specific facts related to discrimination may be dismissed. Specific facts which should appear on the appeal form include . . . [h]ow the treatment differs from treatment of others *similarly situated.*" Section 105.12(c) (emphasis added).

Petitioner did not, and could not, allege that her comparator was "similarly situated" to her. It is readily apparent that Petitioner and the comparator are not "similarly situated." Petitioner was sub-

jected to the adverse personnel action of demotion and reassignment, for *two* reasons: violation of the Code of Conduct, and refusal to participate fully in all training activities. The *only* performance/conduct issue raised by Petitioner regarding the comparator was that of her allegedly, not refusing, but "consistently failing" some portion of the training at issue. R.R. at 17a. Moreover, both Petitioner and the comparator were offered the opportunity to be retested. R.R. at 33a. Petitioner never offered any evidence as to whether the comparator accepted the offer to retest, was retested or passed the test she previously attempted and failed. Furthermore, while Petitioner did not initially attempt to take the test at issue, as did her comparator, Petitioner offered no evidence as to whether Petitioner even attempted to retest.

So, review of Petitioner's Amended Appeal Request Form reveals that there were major differences between Petitioner and the comparator. These differences highlight the fact that they were not similarly situated. Petitioner was disciplined for *two* different reasons, i.e., not completing the training and "disrespectful and unprofessional behavior." Conceivably, the comparator could have only been disciplined for *one* of the same reasons, failing to pass the test in the first instance (although the comparator at least made an attempt, whereas Petitioner refused). The other point of difference is that while both persons were offered the opportunity to retest, Petitioner apparently refused the retest, or otherwise failed to be retested. Thus, not only did Petitioner fail to "identify acts that would constitute discrimination," it was impossible for Petitioner to "identify acts constituting discrimination" because the comparator in question was not similarly situated, within the context of the controlling legal standards.

*Disability Discrimination and Reasonable Accommodations*

■ This Court now considers the above referenced flaws in Petitioner's Appeal Request Forms and Witness Statement, within the context of the governing principles regarding disability discrimination and reasonable accommodations. The jurisprudence regarding disability discrimination can be found in the Americans With Disabilities Act (ADA)[5] and the Pennsylvania Human Relations Act.[6] Within the context of employment discrimination involving persons with a disability, it is somewhat intuitive that if a person wants and/or needs a reasonable accommodation to successfully perform a job, one must first have a disability, one must then inform the employer of the existence of the disability, and to the extent that one wants/needs a reasonable accommodation related to the disability, one should request a reasonable accommodation. Thereafter, with the assistance of the employer, one must decide what would be a reasonable accommodation under the circumstances. The ADA is quite explicit in this regard.

As used in subsection (a) of this section, the term "discriminate against a qualified individual on the basis of disability" includes—

. . . .

(5)(A) not making reasonable accommodations to the *known* physical or mental limitations of an otherwise qualified individual … who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the

---

5. 42 U.S.C. §§ 12101–12213.

6. Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§ 951–963.

**932**

operation of the business of such covered entity[.]

42 U.S.C. § 12112(b) (emphasis added); *see also* ADA Regulations, 29 C.F.R. 1630.9.

■ These governing legal standards for matters of disability discrimination and reasonable accommodations were succinctly, yet comprehensively, described by the U.S. Court of Appeals for the Third Circuit in *Taylor v. Phoenixville School District,* 184 F.3d 296 (3d Cir.1999).

> [The U.S. Court of Appeals for the Third Circuit has] held that in order for a plaintiff to establish a prima facie case of discrimination under the ADA, the plaintiff must show: (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination.

*Id.* at 306 (quotation marks omitted). Continuing, the court addressed the issue of reasonable accommodations. "Discrimination under the ADA encompasses not only adverse actions motivated by prejudice and fear of disabilities, but also includes failing to make reasonable accommodations for a plaintiff's disabilities." *Id.*

After a discussion of the Equal Employment Opportunity Commission's Compliance Manual, and its rules and regulations, the Court addressed an issue of the utmost significance to this case; that being, knowledge of the disability on the part of the employer.

> These rules are consistent with the statute which says that the employer must make reasonable accommodations to an employee's *"known"* disability. 42 U.S.C. § 12112(b)(5)(A). What matters under the ADA are not formalisms about the manner of the request [for reasonable accommodation], but whether the employee or a representative for the employee *provides the employer with enough information that,* under the circumstances, the employer *can be fairly said to know of both the **disability** and **desire for an accommodation.***

*Id.* at 313 (emphasis added).

There is no evidence of record that Petitioner *informed* her employer that she had a disability and that she desired a reasonable accommodation. Petitioner, by her own admission, merely indicated to her instructor and the training coordinator, that she could not do the required scenarios on the day in question, because she was sick and she did not feel well. R.R. at 26a. According to Petitioner, in response to her comments about her illness, she was informed by the training coordinator that she would be required to return to the BTA at a later date to complete the scenarios, i.e., to do a "retest." Further, Petitioner agreed to so do by stating: "okay." *Id.* The retest, however, appears to have been Petitioner's agreed upon "reasonable accommodation." In her Amended Appeal Request Form, Petitioner states explicitly: "The accommodation would have allowed me to do the scenario at a later date." R.R. at 17a. She also states, somewhat curiously: "I was denied reasonable accommodations as set forth in Exhibits 1 and 2," though within those Exhibits, she admitted that she agreed to the retest as her reasonable accommodation. R.R. at 17a–29a.

To the extent that Petitioner was not agreeable to the "retest" as a reasonable accommodation, she never informed her employer—even though she was obligated to so do. This Court, therefore, cannot agree with Petitioner's allegation that she was removed and reassigned because she requested reasonable accommodation. In

fact, she was offered, and accepted, what appears to have been a reasonable accommodation: a retest. However, there is no evidence of record that Petitioner actually returned to BTA for her agreed upon reasonable accommodation.

*Conclusion*

It is the view of this Court that Petitioner failed to meet the pleading requirement of "specificity" for filing a SCSC Appeal Request Form as required by Section 105.12(c) of the Civil Service Rules, in that she merely proclaimed race and disability discrimination through general and conclusory allegations which are insufficient as a matter of law. She did not and could not, "identify acts/facts" that would indicate disparate treatment because of her race, and did not "identify acts/facts" that would indicate a failure to provide a reasonable accommodation for a known disability (a disability which is still, yet to be identified and determined).

For all of the reasons set out in this Opinion, the Order of the SCSC is affirmed.

### ORDER

AND NOW, this 7th day of April, 2010, the August 10, 2009 Order of the State Civil Service Commission is affirmed.