# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Northumberland County Housing Authority, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1142 C.D. 2015 |
| | : | Submitted: February 12, 2016 |
| State Civil Service Commission (Koch), | : | |
| Respondent | : | |

| | | |
|---|---|---|
| Deborah A. Koch, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1404 C.D. 2015 |
| | : | Submitted: February 12, 2016 |
| State Civil Service Commission (Northumberland County Housing Authority), | : | |
| Respondent | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY
SENIOR JUDGE COLINS**                                    **FILED:  May 19, 2016**


These consolidated cases consist of a petition for review and a cross-petition for review of an adjudication on June 11, 2015 pursuant to the Civil Service Act (Act)[1] in which the State Civil Service Commission (Commission)

---

[1] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§ 741.1-741.1005.

determined that Deborah A. Koch (Koch) did not voluntarily resign from her position with the Northumberland County Housing Authority (Authority), and further ordered her reinstatement and back pay from March 31, 2014 to January 10, 2015. The issues raised by the Authority's petition are whether the Commission (i) exceeded its authority when it awarded Koch reinstatement and back pay it alleges she did not request in her appeal, (ii) relied on statements made by Koch dehors the record to determine the date on which she no longer requested reinstatement, and (iii) fashioned in effect a "new" appeal without notice to the Authority. Koch's cross-petition for review, *pro se*, advances a claim, *inter alia*, for back pay for an additional period and a claim for payment for work performed throughout her employment at a different pay grade status. For the reasons set forth below, we affirm the Commission's order.

The facts as found by the Commission after a hearing are as follows. Koch, who had been employed by the Authority as a Management Aide since 2005, was called to a meeting with the Authority's Executive Director on March 31, 2014, to discuss his concerns with her work performance. (Certified Record Item (R. Item) 5, Commission Adjudication and Order, Findings of Fact (F.F.) ¶¶ 3-4.) In the course of their meeting, the Executive Director became angry with Koch, began to whack a folder against a table, requested that she write a resignation letter, and told her that he was going to have to let her go. (*Id.*, F.F. ¶¶ 5-6, 9.) Koch refused to sign a resignation letter, and left the office; she went to her car and immediately returned with her work facility keys, which she placed on the office desk. (*Id.*, F.F. ¶¶ 8, 14.) The next day, Koch spoke to her immediate supervisor to determine whether she was still employed; the supervisor told her he could not answer her question, but would speak to the Executive Director and call

2

her back, and told her to stay at home until he could provide an answer. (*Id.*, F.F. ¶¶ 15-18.) Koch also attempted to call the Executive Director, but her calls were screened and she was not permitted to speak with him; she never submitted a formal letter of resignation to the Authority. (*Id.*, F.F. ¶¶ 19, 21.) By letter dated April 4, 2014 from the Executive Director, Koch was notified that the Authority considered her to have voluntarily resigned her position. (*Id.*, F.F. ¶ 1.)

Koch appealed to the Commission on April 21, 2014. On the Appeal Request Form, she indicated that she had been "removed" from her employment and listed as the remedies sought (i) a letter of recommendation from the Authority, (ii) a pay rate adjustment to reflect the work she asserts she actually performed, and (iii) vacation time, comp time, and overtime mileage. (R. Item 1, Exhibit A, Appeal Request Form; Reproduced Record (R.R.) at 13a.) Koch attached to the appeal form a detailed job description for the years 2005 through 2014 and a list of names and job titles of seven persons at the Authority whom she alleged discriminated against her, together with a letter from her then-attorney, in which he states that (i) she did not resign from her position on March 31, 2014 but rather that her employment was terminated by the Executive Director on that date, and (ii) she was not given a raise to reflect performance of tasks beyond those of a Management Aide in violation of the Act. (*Id.*, R.R. at 20a-21a.)

Following a hearing held on November 18, 2014 at which Koch appeared *pro se* and testified,[2] and the Executive Director appeared with counsel, the Commission entered its Adjudication and Order.

---

[2] In July, 2014, the Authority filed a complaint against Koch in the Northumberland County Court of Common Pleas, seeking a mandatory injunction to enforce a settlement agreement allegedly entered into by the parties. (R. Item 1, Motion to Dismiss, Complaint at Exhibit F.) In the complaint, the Authority averred that Koch applied for, and was deemed ineligible to receive unemployment benefits following the March 31, 2014 incident, and she appealed that denial;

3

The Commission found that Koch did not voluntarily resign from her position, stating:

> First, there is no written resignation letter in compliance with the Commission Act and Rules. Moreover, during the March 31 meeting with [the Executive Director], he told [Koch] she was "let go" after she refused to resign. After the meeting, [Koch's] attempts to find out her employment status or speak with [the Executive Director] were repeatedly stone-walled. Instead, [Koch's immediate supervisor] told her not to return to the office until he could speak with [the Executive Director], and never gave her any additional information. Based upon the [Authority's] conduct, we find that [Koch] was actually involuntarily separated from her Management Aide (Local Government) position by the [Authority] without notice because the only notice she received was

---

however, the Authority alleges it reached a settlement agreement with Koch on June 5, 2014, pursuant to which Koch agreed to discontinue her April 15, 2014 Commission appeal and the Authority agreed to provide prospective employers with an appropriate synopsis of Koch's work duties and to cease its participation in Koch's unemployment compensation appeal. (*Id*. at 3-4.) A draft settlement agreement in final form (attached to the Complaint as Exhibit "G") was emailed to Koch's counsel on June 16, 2014; later that day, her counsel advised the Authority's counsel that she told her counsel she had signed and mailed the Age Discrimination in Employment Act (ADEA) release. (*Id*. at 4.) On June 18, 2014, counsel for the Authority was advised that Koch had terminated her counsel's services; on June 19, 2014, counsel for the Authority emailed Koch, who was now acting *pro se*, reminding her that she had agreed on the terms of a settlement agreement, that according to her former counsel that agreement had been executed, and advising her that the Authority had begun to implement the terms of the agreement. (*Id*. at 6.) The unemployment compensation appeal hearing was held on June 26, 2014; the Authority did not participate, Koch appeared, and the referee reversed the decision of the service center and awarded her unemployment compensation benefits, stating "with only the claimant appearing, she gives competent and credible testimony that she never resigned…." (*Id*., Exhibit "J"). On July 29, 2014, the Authority filed a motion to dismiss Koch's Commission appeal. (R. Item 1, Motion to Dismiss.) On August 11, 2014, the Commission postponed the scheduled hearing and deferred a final ruling on the motion to dismiss pending a ruling by the Court of Common Pleas on the civil action. (R. Item 3.) The certified and reproduced records are silent as to the ruling on the civil action; however, the hearing was rescheduled and was held on November 18, 2014.

> the letter purporting to accept her voluntary resignation, which never occurred.

(R. Item 5, Commission Adjudication and Order, Discussion at 10.) The Commission determined that Koch was entitled to be reinstated to her position with reimbursement of lost wages from the time she was involuntarily separated, on March 31, 2014, until January 10, 2015; the Commission reasoned that on January 10, 2015, following the hearing, Koch filed a brief in which she unequivocally stated that she did not wish to work for the Authority due to what she described as an abusive environment, and therefore determined "it is clear that as of January 10, 2015, [Koch] provided written notice that she no longer wished to pursue reinstatement to her former position with the [Authority]." (*Id*. at 10, n.3)

Koch filed a request for reconsideration, which the Commission denied.[3] On July 6, 2015, the Authority appealed the Commission's decision to this Court and Koch cross-appealed on August 3, 2015.[4]

Before this Court, Koch alleges that she did not resign from her position as of January 10, 2015, as determined by the Commission, but rather that she has yet to resign; she requests an order:

---

[3] In her request for reconsideration, Koch asked the Commission to reconsider its remedy, requesting that the Commission extend the January 10, 2015 date; provide relief with respect to the unemployment compensation benefits applied for and granted to her; reclassify her to a higher pay grade for the purpose of calculation of wages owed; order the issuance of a letter of recommendation from the Authority; and recommend the creation of a security system to ensure proper maintenance of Authority employment records. (R. Item 9, Request for Reconsideration.)

[4] Our review of a decision of the State Civil Service Commission is limited to whether constitutional rights have been violated, whether errors of law have been committed, or whether the findings of the agency are supported by competent evidence. *Pennsylvania Game Commission v. State Civil Service Commission (Toth)*, 747 A.2d 887, 890 (Pa. 2000).

[T]o make all "reckless conduct" constitutionally right with [Koch's] employment status, job title, payable wages, payable pension, payable vacation time and pay, payable sick time and pay, payable comp time, payable overtime, payable mileage, payable health insurance and a total calculation of all accumulated payable payments for *back pay from March 2005 through December 2015*…including back pay payable to [Koch] reflecting work actually performed for job duties of [various positions with pay grades higher than that of Management Aide].

(Koch's Brief at 3 (Italics supplied).)

The Authority requests in its appeal that this Court reverse the decision of the Commission or alternatively, remand to the Commission for further hearings wherein Koch must establish a date different from April 21, 2014, the date she filed her appeal, as the latest date on which she notified the Authority that she no longer requested reinstatement.

Initially, we note that the Commission granted and scheduled a hearing in this matter pursuant to Section 951(a) of the Act,[5] listing as the specific

---

[5] Sections 951(a) and (b) of the Act provide:

(a) Any regular employe in the classified service may, within twenty calendar days of receipt of notice from the appointing authority, appeal in writing to the commission. Any permanent separation, suspension for cause, furlough or demotion on the grounds that such action has been taken in violation of the provisions of this act, upon receipt of such notice of appeal, the commission shall promptly schedule and hold a public hearing.

(b) Any person who is aggrieved by an alleged violation of section 905.1 of this act may appeal in writing to the commission within twenty calendar days of the alleged violation. Upon receipt of such notice of appeal, the commission shall promptly schedule and hold a public hearing.

6

issue to be heard as Koch's involuntary resignation as a Management Aide. (R. Item 1, Exhibit A, Notice of Public Hearing, R.R. at 26a.) At the commencement of the hearing, the Commission clarified that the hearing had been granted *solely* to address the involuntary resignation, and stated that should the Commission determine that Koch had resigned involuntarily, notwithstanding that she did not specifically request reinstatement in her appeal, reinstatement with back pay was nonetheless a statutory remedy available to the Commission. (R. Item 4, Commission Hearing Transcript (H.T.), R.R. at 244a.)

The Commission properly declined to consider any claim of discrimination pursuant to Section 951(b) of the Act. Koch did not include any information in Part III of the Appeal Request Form, wherein appellants alleging discrimination are instructed to list the type of action being appealed and the type of discrimination alleged, and to provide further explanation as to the actions which led the appellant to believe he or she had been discriminated against and the time and place where these actions occurred. Other than to list seven persons employed by the Authority and to state simply that they discriminated against her, Koch offered no information other than to describe the duties she performed from 2005 through 2014. Clearly, Koch failed to adequately state a claim of discrimination with the specificity required by the Civil Service Rules set forth in 4 Pa. Code § 105.12(c),[6] and offered no affirmative factual support whatsoever to

---

71 P.S. § 741.951(a) and (b). Section 905.1 of the Act, added by the Act of August 27, 1963, P.L. 1257 prohibits discrimination in recruitment, examination, appointment, training, promotion, retention or any other personnel action because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors. 71 P.S. § 741.905a.

[6] 4 Pa. Code § 105.12(c) states:

7

sustain such an allegation. *See Bellew v. State Civil Service Commission*, 543 A.2d 1266, 1267-68 (Pa. Cmwlth. 1988).[7]

The Commission properly declined to address Koch's claim for recalculation of her wages. The Commission lacks jurisdiction over classification issues; we have established that jurisdiction over job classification matters lies exclusively with the Commission's executive board. *Pennsylvania Public Utility Commission v. Taylor*, 537 A.2d 45, 49 (Pa. Cmwlth. 1988); *Wetzel v. State Civil Service Commission*, 465 A.2d 69, 71 (Pa. Cmwlth. 1983). Koch's claim that she is entitled to a recalculation of the wages and emoluments based on the pay grade status of a Deputy Director is a challenge to her job classification and was therefore relief that the Commission could not grant.

We likewise find that the Commission did not err in the relief that it ordered in Koch's favor. Under Sections 952(b) and (c) of the Act, 71 P.S. § 741.952(b) and (c),[8] the Commission has the discretion to fashion a remedy that is

---

> Appeals alleging discrimination which do not include specific facts relating to discrimination may be dismissed. Specific facts which should appear on the appeal form include:
> > (1) The acts complained of.
> > (2) How the treatment differs from treatment of others similarly situated.
> > (3) When the acts occurred.
> > (4) When and how the appellant first became aware of the alleged discrimination.

[7] The reproduced record includes a Commission order dated September 17, 2014, pertaining to a separate appeal (Appeal No. 28335) filed by Koch on August 6, 2015 in which she requested compensation for work actually performed between 2005 and March 31, 2014. (Commission Order, R.R. at 316a.) The Order indicates that the appeal was filed beyond the twenty-day limit established in 4 Pa. Code § 105.12(a)(3) and is therefore denied as untimely. (*Id.*)

[8] Section 952 provides:

appropriate for a violation of the Act; thus, an award of back pay or lost wages to an employee who successfully challenges a personnel action of an appointing authority is within the discretion of the Commission. *Filice v. Department of Labor and Industry*, 660 A.2d 241, 243 (Pa. Cmwlth. 1995); *Long v. Pennsylvania Liquor Control Board*, 535 A.2d 1233, 1236 (Pa. Cmwlth. 1988). The Commission's decision with respect to the award of back pay or lost wages will be upheld by this Court unless the Commission abused its discretion, and an abuse of discretion will only be found where the Commission's decision is not supported by substantial evidence. *Kealy v. Pennsylvania Liquor Control Board*, 527 A. 2d 586, 588 (Pa. Cmwlth. 1987).

In its Adjudication and Order, the Commission cited the provisions of the Act relating to the requirements for an effective voluntary resignation from the state classified service, noting that a resignation must be accepted by the appointing authority within fifteen calendar days and that the resignation must be in writing and contain the employee's signature, date of resignation and affirmative

---

(a) Within ninety days after the conclusion of the hearing described in Section 951, the commission shall report its findings and conclusions to those parties directly involved in the action.

(b) Where such decision is in favor of the employe or the aggrieved person, the commission shall make such order as it deems appropriate to assure such rights as are accorded the individual under this act.

(c) In the case of any employe removed, furloughed, suspended, or demoted, the commission may modify or set aside the action of the appointing authority. Where appropriate, the commission may order reinstatement, with the payment of so much of the salary or wages lost, including employe benefits, as the commission may in its discretion award.

71 P.S. § 741.952 (a)-(c).

9

statement of intent to resign. (R. Item 5, Commission Adjudication and Order at 7.) The Commission expressly found credible Petitioner's testimony regarding her conversation with one of her immediate supervisors on April 1, 2014 wherein he advised her to stay at home until he could speak with the Executive Director about her employment status, and regarding her unsuccessful attempts to contact the Executive Director by telephone. (*Id*. at 8.) The Commission is the sole fact finder in civil service cases, and has the exclusive authority to assess witness credibility and evidentiary weight. *Bosnjak v. State Civil Service Commission*, 781 A.2d 1280, 1286 (Pa. Cmwlth. 2001). This Court will not disturb the Commission's determinations regarding credibility or the weight of the evidence. *Id*.

With regard to the period of time for which back pay should be awarded, the Commission cited the statement contained in Koch's January 10, 2015 brief indicating she no longer wished to work for the Authority, and further stating that she had relocated her family to North Carolina. The Commission addressed the Authority's contention that Koch's move to North Carolina furthered its argument that she intended to resign in March 2014; however, the Commission found this argument invalid, stating that there is no indication in the record that Koch had prior plans to move or that her move was not triggered by her lack of employment. (R. Item 5 at 10.) Indeed, in her August 5, 2014 response to the Authority's motion to dismiss her appeal to the Commission, Koch expressed her desire to continue in the appeal, and included as one of the remedies requested the reinstatement of her employment as a Management Aide coupled with a promotion to the position of Director of Housing Management. (R. Item 2, Reply to Motion to Dismiss, R.R. at 144a.) We find no error in the Commission's determination

10

that until January 10, 2015, Koch did not indicate that she would not return to employment at the Authority or in its determination that Koch withdrew any claims for future reinstatement and future pay as of that date.

Because the credited evidence supports the Commission's findings and conclusions and the Commission properly exercised its discretion to fashion an appropriate remedy, we affirm the June 11, 2015 Commission Order.

_____
**JAMES GARDNER COLINS, Senior Judge**

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Northumberland County Housing  
Authority,  :  
            Petitioner  :  
                          :  
            v.          :   No. 1142 C.D. 2015  
                          :  
State Civil Service Commission  :  
(Koch),  :  
            Respondent  :  

Deborah A. Koch,  :  
            Petitioner  :  
                          :  
            v.          :   No. 1404 C.D. 2015  
                          :  
State Civil Service Commission  :  
(Northumberland County Housing  :  
Authority),  :  
            Respondent  

# **O R D E R**

AND NOW, this 19th day of May, 2016, the order of the State Civil Service Commission in the above-captioned matters is AFFIRMED.

**JAMES GARDNER COLINS, Senior Judge**