**Dennis G. RECK, Petitioner**

v.

**STATE CIVIL SERVICE COMMISSION (Pennsylvania Liquor Control Board), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 26, 2010.

Decided April 14, 2010.

Richardson Todd Eagen, Harrisburg, for petitioner.

Michele D. Rothstein Dolbin, Asst. Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and SIMPSON, Judge, and McCULLOUGH, Judge.

OPINION BY President Judge LEADBETTER.

Petitioner, Dennis G. Reck, appeals from an order of the State Civil Service Commission (Commission) denying his request for reconsideration and affirming the dismissal of his appeal without a hearing. The Commission dismissed Reck's request because he failed to allege specific acts of discrimination by his employer as required by 4 Pa.Code § 105.12(c). We affirm.

According to Reck's completed request appeal form, he has been employed by the Pennsylvania Liquor Control Board (Employer) as a Liquor Store General Manager 2A for 15 years. Reck was assigned to Store # 0222 when on April 17, 2009, Store # 0222 was downgraded from a Grade 2A to Grade 1B. On May 31, 2009, Reck was involuntarily transferred to Liquor Store # 0247 as a Liquor Store Manager 3 (assistant manager), which precluded him from transferring in grade to Store # 0234 or Store # 0288, both Grade 2A stores.

Reck filed an appeal request contending that his transfer and reassignment were due to non-merit factors in violation of Civil Service Act[1] and/or rules. On

---

1. Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§ 741.1–741.1005. Section 905.1 of

July 17, 2009, the Commission denied Reck's request for a hearing due to an insufficient allegation of discrimination. Reck filed a request for reconsideration, which repeated the allegations in his appeal request, in addition to asserting that: Employer failed to provide him with proper written notice of his reassignment or transfer pursuant to 4 Pa.Code § 105.2, he is prohibited from transferring back to Store # 0222 if that store is upgraded in the future, and that he has been discriminated against based upon his over fifteen years of experience and twenty years of "active union involvement." On August 6, 2009, the Commission denied Reck's request for reconsideration. Thereafter, Reck filed a petition for review with this court appealing the Commission's denial of his request for reconsideration.[2]

Reck argues that the Commission abused its discretion in denying his request for reconsideration and a hearing because he alleged sufficient facts to satisfy the requirements of 4 Pa.Code § 105.12(c). Section 105.12(c) provides:

(c) Appeals alleging discrimination which do not include specific facts relating to discrimination may be dismissed. Specific facts which should appear on the appeal form include:

(1) The acts complained of.

(2) How the treatment differs from treatment of others similarly situated.

(3) When the acts occurred.

(4) When and how the appellant first became aware of the alleged discrimination.

The Commission states that Reck failed to allege sufficient facts in his appeal request and request for reconsideration to satisfy the requirements of Section 105.12(c) and articulate a claim of discrimination based on involvement in union activity.

■■■ Affirmative factual allegations must support all claims of discrimination because discrimination cannot be inferred. *Craig v. State Civil Service Comm'n (Dep't of Envtl. Protection)*, 800 A.2d 364, 365 (Pa.Cmwlth.2002). The burden of proof is upon the party claiming to be aggrieved by the alleged discrimination. *Id.* The Commission is authorized to dismiss an appeal, *sua sponte*, without a hearing if the appeal request form fails to state a claim. *Id.* The decision to grant or deny a request for reconsideration is a matter of administrative discretion and as such will only be reversed for an abuse of discretion. *Muehleisen*, 443 A.2d at 869.

The facts alleged by Reck in his original appeal and his request for reconsideration fail to comply with the requirements of Section 105.12(c) of the Code because they fail to allege any specific discriminatory action. Reck clearly states the acts complained of, *i.e.*, transfer and reassignment. However, Reck's central allegation that he was transferred and reassigned due to non-merit factors, union involvement in particular, is unsupported by any facts.

the Civil Service Act provides:

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors. 71 P.S. § 741.905a.

2. Reck failed to appeal the Commission's July 17, 2009 denial within 30 days as required by Pennsylvania Rule of Appellate Procedure 1512(a)(1). Accordingly, this Court's review is limited to only the Commission's order denying Reck's request for reconsideration. *Muehleisen v. State Civil Service Comm'n*, 66 Pa.Cmwlth. 95, 443 A.2d 867, 869 (1982), *affirmed*, 501 Pa. 335, 461 A.2d 615 (1983).

Reck also failed to allege facts that showed how his treatment differed from treatment of others similarly situated or how he first became aware of the alleged discrimination. *See* 4 Pa.Code § 105.12(c)(2),(4).[3] A general and conclusory allegation of discrimination based upon union involvement without additional facts is insufficient to satisfy the requirements of the Code and we find that the Commission did not abuse its discretion in denying Reck's request for reconsideration. *Craig,* 800 A.2d at 365–66.

**3.** Reck has not separately argued that Employer's alleged violation of 4 Pa.Code § 105.2 constitutes technical discrimination, but rather asserted that Employer's failure to provide written notice satisfies the requirements of Section 105.12(c)(4). 4 Pa.Code § 105.2 requires that an employer provide an employee with written notice when taking personnel actions including transfer and reassignment. Technical discrimination involves a violation of procedures required pursuant to the Act or related Rules. *Price v. Luzerne/Wyoming Counties Area Agency on Aging,* 672 A.2d 409, 411, n. 4 (Pa.Cmwlth.1996). In order to obtain relief, an employee must show that he was, in fact, harmed because of the technical non-compliance with the Act or evidence that because of the peculiar nature of the procedural impropriety he could have been harmed but there is no way to prove that for certain. *Id.* at 413. Reck's allegations are insufficient to support a claim of technical discrimination as Reck has failed to alleged how the asserted rule violation has harmed him.

## ORDER

AND NOW, this 14th day of April, 2010, the order of State Civil Service Commission in the above-captioned matter is hereby AFFIRMED.