IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Schafer,         :
      Petitioner     :
             :
    v.           :
             :
Department of Labor and Industry   :
(State Civil Service Commission),   :   No. 562 C.D. 2022
      Respondent   :   Submitted: February 17, 2023

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
       HONORABLE ANNE E. COVEY, Judge
       HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY           FILED: May 23, 2023

    Kevin Schafer (Schafer), pro se, petitions this Court for review of the State Civil Service Commission's (Commission) April 20, 2022 order dismissing his appeal that challenged his removal from his employment with the Department of Labor and Industry (Department) as a Fiscal Management Specialist 1 (FMS1), and the Commission's May 13, 2022 order denying his request for reconsideration of its April 20, 2022 order (Reconsideration Request). Essentially, Schafer presents two issues for this Court's review: (1) whether the Commission erred by concluding that Schafer's appeal request contained insufficient allegations of discrimination and denying Schafer's hearing request; and (2) whether the Commission erred by denying Schafer's Reconsideration Request.[1] After review, this Court affirms.

---

[1] Schafer's Statement of Questions Involved primarily challenges the Department's assertions regarding Schafer's job performance and the Department's justifications for his employment termination as follows:

On March 18, 2022, Schafer filed an Appeal Request Form, *see* Certified Record (C.R.) Item No. 1, with the Commission challenging his removal from his employment as a probationary FMS1 with the Department. Schafer did not complete Part III of the Appeal Request Form which pertains to "All Persons/Employees Alleging Discrimination." C.R. Item No. 1 at 2. Specifically, Schafer **did not provide *any* information** in Part III, subsection N1, under the categories "Type of Action Being Appealed" and "Type of Discrimination Alleged." *Id*. Schafer also failed to supply information in response to Appeal Request Form

[(1)] Why didn't my supervisor tell me areas to improve on my Interim Employee Performance Review [(EPR)] during our weekly meetings that I implemented?

[(2)] How is my job performance rated "UNSATISFACTORY" in all areas of my Interim [EPR] and corresponding [EPR] after my inquiry to my supervisor to get rated "SATISFACTORY" during my weekly meetings?

[(3)] Did [the Human Resources department (]HR[)] ever receive the documents that I sent to [my supervisor,] Tiffany Ebersole [(Ebersole)] on a weekly basis informing [her] of my work completed? If not, WHY NOT? (I included worksheets that I kept during my Commonwealth [e]mployment with [the Department]) (I also kept PowerPoint Presentations that I had created)[.]

[(4)] If I could not perform simple tasks, as stated in my EPR, then why was I assigned to train incoming Fiscal Management Specialist 3s on the TelcoSM system by [Ebersole]? . . . .

[(5)] Did HR at [the Department] receive my "EXTERNAL" Training Certificates? (My "INTERNAL" Training was inadequate[.])

Schafer Br. at 6-7. Because Schafer may only challenge his probationary employment termination based on discrimination, *see Personnel Department, City of Philadelphia v. Hilliard*, 548 A.2d 354 (Pa. Cmwlth. 1988), and the Commission held that Schafer failed to allege discriminatory acts and denied his hearing request, this Court shall consider whether the Commission erred in its ruling and improperly denied his Reconsideration Request. *See Pike Cnty. Child Welfare Serv. v. State Civ. Serv. Comm'n (Soto)*, 143 A.3d 1030 (Pa. Cmwlth. 2016).

Part II, subsection N2, which requested "complete and specific" responses to the following questions:

> A. What action(s) occurred which led you to believe you were discriminated against?
>
> B. Where and when did this action occur?
>
> C. Who discriminated against you? Provide name(s) and job title(s), if known.
>
> D. Do you believe Act 71 of 2018 (Civil Service Reform)[2] and/or Civil Service Rules were violated? If so, what section(s)? . . . .
>
> E. Provide any other information which you believe is relevant. You may attach additional sheets if necessary.

C.R. Item No. 1 at 3.

On April 15, 2022, Schafer submitted an email to the Commission (April 15 Email) stating, in pertinent part:

> I am writing to you to offer some more information on my Appeal (March 18) from a rejection of employment from [the Department].
>
> I feel as if management recognized [its] authoritative power and misused it attempting to manage me. . . .
>
> I had [two] instances where I conversed with the Deputy Secretary Joseph Lee [(Lee)] ([my] boss's boss). The first was the first day of employment. The second was when I asked my Supervisor Tiffany Eb[]ersole [(Ebersole)], if [the Department] could support the Transit Check Program (12/18/2021). She forwarded my email to [Lee] and the next morning he sent me an email saying that as

---

[2] The General Assembly repealed the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, *formerly*, 71 P.S. §§ 741.1-741.1005, by the Act of June 28, 2018, P.L. 460, which became effective on March 28, 2019, and replaced the former Civil Service Act with the statute commonly known as the Civil Service Reform Act. The Civil Service Reform Act is now found in Title 71, Part III, of the Pennsylvania Consolidated Statutes, 71 Pa.C.S. §§ 2101-3304.

3

far as [Ebersole] and he was [sic] concerned[,] the case was closed. I did not ask any further questions to management. [Two] days a [sic] later I got an [Employee Performance Review (]EPR[)] giving me all UNSATISFACTORY ratings on my job performance.

I only talked with [Lee] twice. . . . How could he make a fair assessment of my job performance on any EPR received by me? The [f]irst EPR was never signed by him and I was told by [Ebersole] that the comments were his. I trusted her and followed his recommendations. I completed [two] trainings . . . relating to my job functions. I attached certificates of completion of those trainings. I was also informed to take some Internal Trainings and apply my learning to my role as a[n] FMS1. I created PowerPoints of these trainings and put them in my own words for retention. I also attached these PowerPoints as well as the [first] EPR that was NOT signed by [Lee.]

I remember the first week of being at [the Department,] [Ebersole] making a sarcastic remark to me about putting a Director in charge of a[n] FMS1[.] **My co-workers were FMS3s**. **I did get hired at an FMS1 role** working for this management team.

I love working for the Commonwealth. I would like to apply to other agencies. I know[] the actions of this management team is [sic] not an accurate portrayal of other agencies. As it is now, I would have to apply externally. I will ask the court to grant me an extended probationary period and put me on Administrative Leave for six months. I can then apply internally and will have a greater chance of transferring to a different agency. Six months should give me ample time.

C.R. Item No. 1 at 5-6 (emphasis added). With the April 15 Email, Schafer attached numerous documents including his EPRs, training completion certificates, PowerPoint presentations, completed work, and resumes. Notably, Schafer did not provide information regarding any alleged discrimination and gave no explanation for how the attached documents were relevant to a discrimination claim.

4

On April 20, 2022, the Commission denied Schafer's appeal request, stating:

> [T]he [Commission], at its regular meeting, reviewed all information presented by [Schafer] on the Appeal Request Form and any attachments or additional documents. The appeal relates to [Schafer's] removal from [FMS]1, probationary status, with the [Department]. As a probationary employee, [Schafer] has the burden of going forward to establish a claim of discrimination as the basis of appeal. [*See* Section 105.12(c) of the Commission's Regulations,] 4 Pa. Code § 105.12(c). However, [Schafer] has not indicated acts, which, if proven, would constitute discrimination, although requested to do so on the Appeal Request Form. Accordingly, the request for hearing is denied as there was an insufficient allegation of discrimination.

C.R. Item No. 2 at 1.

On May 3, 2022, Schafer sent the Commission his Reconsideration Request. Therein, Schafer described in more detail the circumstances regarding his employment termination and expressed dissatisfaction with the way his supervisors managed him and characterized his performance. On May 13, 2022, the Commission denied Schafer's Reconsideration Request. Schafer appealed to this Court.[3]

> Initially,

> [i]t is well established that a probationary status civil service employee does not enjoy the job security afforded to regular status employees who may be removed only for just cause. A probationary status civil service employee, unlike a regular status civil service employee, does not possess a substantial personal or property right in continued employment. Under [the former Act commonly

---

[3] "Our scope of review is limited to a determination of whether the Commission committed an error of law, whether there has been a violation of constitutional rights, or whether there is substantial evidence to support the findings of fact necessary to support the adjudication." *Norvell v. State Civ. Serv. Comm'n*, 11 A.3d 1058, 1061-62 (Pa. Cmwlth. 2011).

5

known as] the State Civil Service Act, **a probationary employee may seek administrative or judicial review of his dismissal only where he alleges that his dismissal was based upon discrimination due to political or religious opinions or affiliations**, or because of labor union affiliations, or race, national origin or other non-merit factors.[4]

**The burden of proving that a probationary employee's dismissal is based upon discriminatory reasons is on the employee**.  It is not sufficient for a probationary employee to attempt to satisfy this burden of proof by alleging there were not enough merit factors assessed against him because this Court has held that there is no quantitative standard for the removal of a probationary employee and that **as long as the removal is job-related and not tainted by discriminatory motives a dismissal of a probationary employee will not be disturbed**.

*Pers. Dep't, City of Phila. v. Hilliard*, 548 A.2d 354, 356 (Pa. Cmwlth. 1988) (emphasis added; citations and footnotes omitted); *see also Adams Cnty. Child. & Youth Servs. v. Ruppert*, 559 A.2d 71 (Pa. Cmwlth. 1989).  This Court has held that "[a]**ffirmative factual allegations must support all claims of discrimination because discrimination cannot be inferred**. . . .  **The Commission is authorized to dismiss an appeal**, *sua sponte*, **without a hearing if the appeal request form fails to state a claim**."  *Reck v. State Civ. Serv. Comm'n (Pa. Liquor Control Bd.)*, 992 A.2d 977, 979 (Pa. Cmwlth. 2010) (citation omitted; emphasis added).

Sections 105.12(b) and (c) of the Commission's Regulations describe the necessary information to allege a discrimination claim on the Appeal Request Form as follows:

---

[4] Section 2704 of the statute commonly known as the Civil Service Reform Act, 71 Pa.C.S. §§ 2101-3304, states: "An officer or employee of the Commonwealth may not discriminate against an individual in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of race, gender, religion, disability or political, partisan or labor union affiliation or other non-merit factors."  71 Pa.C.S. § 2704.

(b) The person appealing shall state clearly and concisely the:

   (1) Grounds of the interest of the person in the subject matter.

   (2) Facts relied upon.

   (3) Relief sought.

(c) **Appeals alleging discrimination which do not include specific facts relating to discrimination may be dismissed**.  Specific facts which should appear on the [A]ppeal [Request] [F]orm include:

   (1) The acts complained of.

   (2) **How the treatment differs from treatment of others similarly situated**.

   (3) When the acts occurred.

   (4) When and how the appellant first became aware of the alleged discrimination.

4 Pa. Code § 105.12(b), (c) (emphasis added).

Nowhere in Schafer's Appeal Request Form or the April 15 Email did he allege "that his dismissal was based upon discrimination due to political or religious opinions or affiliations, or because of labor union affiliations, or race, national origin or other non-merit factors." *Hilliard*, 548 A.2d at 356.  Further, although Schafer complains about the Department's actions, he does not describe how the Department's treatment of him differed from other **similarly situated** probationary FMS1 employees.  Thus, Schafer failed to allege any specific discriminatory action against him.  Absent specific facts, neither the Commission nor this Court may infer discrimination.  *See Reck*.  Thus, the Commission did not err when it denied Schafer's appeal request.

Finally, with respect to Schafer's Reconsideration Request, this Court has held that "[t]he decision to grant or deny a request for reconsideration is a matter

7

of administrative discretion and[,] as such[,] will only be reversed for an abuse of discretion."[5]  *Reck*, 992 A.2d at 979.  Schafer alleged, in relevant part, in his Reconsideration Request:

> I was discriminated against.  I was not allowed to do this job freely.
>
> My job description . . . says that my work involves explaining fiscal regulations and procedures to managers; and processing budget revisions or other financial transactions and ensuring compliance with policies through recommendations and adjustments.  I do not know why, I was not invited to go with my co-worker to a [l]egislative [h]earing at the Capit[o]l to help me understand the State Government Budgetary Process[.] Why would this co-worker be invited to a legislative budget hearing and not me?  We had the same supervisor. That was discriminatory.
>
> Moreover, [m]y supervisor repeatedly voiced her opinion that the Fiscal Management of Program Areas in [the Department] was going to be divided among the FMS3s. Why wasn't I assigned a Program Area?  I can do this job. I was instructed to train an incoming FMS3 on a financial [t]elecommunications platform used to charge Program Areas [for] the use of telecommunication devices and services provided to the Commonwealth by outside vendors.  I was a[n] FMS1 training a[n] FMS3.  Is this common practice of management to have an employee who was on "[p]robationary" [s]tatus train an incoming employee?  If I couldn't perform simple job tasks, as my supervisor stated, then why was I training a new employee how to do them[?]  This is discriminatory.
>
> At my first [EPR], I was judged as unsatisfactory on all areas on my EPR.  How can I be unsatisfactory on all areas?  This is not me.  My [s]econd EPR was worded

---

[5] "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused." *Avery v. City of Phila. Bd. of Pensions & Ret.*, 212 A.3d 566, 570 (Pa. Cmwlth. 2019) (quoting *Mielcuszny v. Rosol*, 176 A. 236, 237 (Pa. 1934)).

> mostly word for word from [sic] the first EPR[.]  Did my supervisor simply cut and paste those comments from the [i]nterim EPR[?]  This portrayal of my character sickens me[.]  At my trial, I will give the court reference letters from my Toastmasters Organization, my Rotary Organization, and my [p]art-[t]ime job at Hershey's Chocolate World to illustrate my [i]ntegrity, [r]espect, [s]ervice, and [e]xcellence.  [] Ebersole's portrayal of me is discriminatory.

C.R. Item No. 3 at 1.

Similar to his Appeal Request Form and the April 15 Email, Schafer failed to allege in his Reconsideration Request how the Commission erred given the absence of any actionable discrimination based on "political or religious opinions or affiliations, or because of labor union affiliations, or race, national origin or other non-merit factors[,]" and given the lack of evidence demonstrating how the Department's treatment differed from other similarly situated probationary FMS1 employees. *Hilliard*, 548 A.2d at 356.  Accordingly, the Commission did not abuse its discretion by denying the Reconsideration Request.

For all of the above reasons, the Commission's orders are affirmed.

_____
ANNE E. COVEY, Judge

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Schafer,       :
     Petitioner   :
            :
   v.        :
            :
Department of Labor and Industry  :
(State Civil Service Commission),  :  No. 562 C.D. 2022
     Respondent   :

## O R D E R

AND NOW, this 23rd day of May, 2023, the State Civil Service Commission's April 20, 2022 and May 13, 2022 orders are affirmed.


           _____
           ANNE E. COVEY, Judge