# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue, :
                      Petitioner :
                       :
            v. : No. 255 M.D. 2024
                       : Submitted: April 8, 2025
Pennsylvania Department of Human :
Services and Pennsylvania State :
Civil Service Commission, :
                Respondents :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                  FILED: June 23, 2025

Sean M. Donahue, pro se, petitions for review of the Order of the Pennsylvania State Civil Service Commission (Commission), issued April 22, 2024, in this Court's original and appellate jurisdictions (Petition). In the Order, the Commission denied Mr. Donahue's appeal and hearing request (Appeal Request) of his employee performance review as an Income Maintenance Caseworker, probationary status, with the Luzerne County Assistance Office of the Pennsylvania Department of Human Services (DHS). The Commission denied the Appeal Request because Mr. Donahue did not sufficiently allege any discrimination regarding his employee performance review and there was no personnel action to review regarding Mr. Donahue's claim of non-selection for appointment, reinstatement, and denial of veterans' preference.[1] In the Court's original jurisdiction, Mr. Donahue petitions for review in the nature of mandamus, solely seeking to compel the Commission to hold a hearing regarding his non-selection for

---

[1] Veterans' preference refers to the Veterans' Preference Act, 51 Pa.C.S. §§ 7101.1-7111.

appointment, reinstatement, and denial of veterans' preference claim. In the Court's appellate jurisdiction, Mr. Donahue petitions for review of the entire Order.

Also before the Court is DHS's Application for Summary Relief (Application), pursuant to Pennsylvania Rule of Appellate Procedure 1532(b), Pa.R.A.P. 1532(b). In the Application, DHS requests that the Court dismiss the Petition for lack of original jurisdiction with respect to DHS and the Commission and dismiss the Petition for lack of appellate jurisdiction with respect only to DHS.

Upon review, we grant the Application in part and dismiss the Petition to the extent it invokes the Court's original jurisdiction and deny the Application to the extent it seeks relief from review of the Petition in the Court's appellate jurisdiction. Further, we affirm the Commission's Order because Mr. Donahue did not sufficiently allege any specific facts to establish a prima facie discrimination claim regarding his employee performance review.

## I. BACKGROUND

On March 14, 2024, Mr. Donahue, a United States Army veteran, received an employee performance review as an Income Maintenance Caseworker, probationary status. In the review, Mr. Donahue's supervisor provided him an overall rating of "needs improvement" and "recommended that Mr. Donahue's probationary [period] be extended for an additional 90 days to allow him the opportunity to improve in the areas listed throughout this review." (Certified Record (C.R.) at 9.)[2] Mr. Donahue disagreed with the evaluation and recommendation, and discussed the assessment with a reviewing officer, who agreed with the contents of the review.

Thereafter, on March 24, 2024, Mr. Donahue filed an "Appeal Request Form" with the Commission, seeking removal of the employee performance review,

---

[2] For convenience, the citations to the Certified Record reflect electronic pagination.

reinstatement, and "to be immediately appointed as a full employee." (*Id.* at 3.) Regarding the "type of action being appealed," Mr. Donahue listed employee performance review, reinstatement, denial of veterans' preference, non-appointment/promotion, and specifically objected to the 90-day extension of his probationary period. (*Id.* at 4.) Additionally, Mr. Donahue alleged that he was discriminated against by a violation of Act 71 of 2018, commonly known as the Civil Service Reform Act (CSRA)[3] and its corresponding rules, retaliation, disparate treatment, and other non-merit factors. (*Id.*)

On April 22, 2024, the Commission denied the Appeal Request. The Commission explained that, as the basis for his appeal, Mr. Donahue had the burden to establish a discrimination claim; however, the Commission concluded that Mr. Donahue did "not indicate[] acts, which, if proven, would constitute discrimination." (Order at 1.) Likewise, the Commission concluded that "[t]here [was] no indication that a non-selection for appointment, reinstatement, and denial of [v]eterans' [p]reference ha[d] occurred as defined by [the CSRA] and the Rules of Classified Service Employment." (*Id.* at 1-2.) Therefore, the Commission denied the Appeal Request because Mr. Donahue did not sufficiently allege discrimination and "there [was] no personnel action to review." (*Id.* at 2.)

Mr. Donahue now petitions for review of the Order in this Court's original and appellate jurisdiction.

---

[3] Act of June 28, 2018, P.L. 460, No. 71, 71 Pa.C.S. §§ 2101-5958. The CSRA repealed the remaining provisions of the Civil Service Act of August 5, 1941, P.L. 752, *formerly*, 71 P.S. §§ 741.4-742.4.

## II.  DISCUSSION[4]

Before the Court considers Mr. Donahue's arguments regarding the Commission's Order, we address DHS's Application as the relief requested implicates this Court's subject matter jurisdiction over the Petition.

### A. *Application for Summary Relief*

#### 1. Legal Standard

Pennsylvania Rule of Appellate Procedure 1532(b) governs applications for summary relief, providing that "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter, the court may on application enter judgment if the right of the applicant thereto is clear."  Pa.R.A.P. 1532(b). "Summary relief on a petition for review is similar to the relief provided by a grant of summary judgment." *Scarnati v. Wolf*, 173 A.3d 1110, 1118 (Pa. 2017). Therefore, this Court will only grant summary relief where the moving "party's right to judgment is clear and no material issues of fact are in dispute." *Cook v. Pa. Lab. Rels. Bd.*, 315 A.3d 885, 895 (Pa. Cmwlth. 2022) (citation omitted).  Moreover, "[t]he record is to be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Scarnati*, 173 A.3d at 1118.  Here, DHS seeks summary relief to both Mr. Donahue's original and appellate jurisdiction claims.

---

[4] Our review "is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, whether the provisions of 2 Pa.C.S. §§ 501-508 (related to practice and procedure of Commonwealth agencies) have been violated, or whether the factual findings are supported by substantial evidence." *Allen v. State Civil Serv. Comm'n*, 992 A.2d 924, 927 n.2 (Pa. Cmwlth. 2010).  Additionally, the Commission's decision to deny an appeal request "is a matter of administrative discretion and as such will only be reversed for an abuse of discretion." *Reck v. State Civil Serv. Comm'n*, 992 A.2d 977, 979 (Pa. Cmwlth. 2010).

4

## 2. Original Jurisdiction

Mr. Donahue petitions for review in the nature of mandamus[5] in this Court's original jurisdiction pursuant to Section 761(a)(1)-(2), (c) of the Judicial Code, 42 Pa.C.S. § 761(a)(1)-(2), (c), seeking to compel the Commission to hold a hearing on his non-selection for appointment, reinstatement, and denial of veterans' preference claim. According to DHS, however, "an appeal to this Court, not a writ of mandamus, is the proper route to challenge alleged procedural errors by the Commission, including the failure to grant a hearing in a civil service appeal." (DHS's Br. in Supp. of Appl. at 7 (quoting *Petsinger v. Dep't of Lab. & Indus., Off. of Vocational Rehab.*, 988 A.2d 748, 755 (Pa. Cmwlth. 2010)).) Consequently, DHS argues that pursuant to our Supreme Court's plurality decision in *Pennsylvania Department of Aging v. Lindberg*, 469 A.2d 1012 (Pa. 1983), Mr. Donahue's petition for review in this Court's original jurisdiction is precluded by his right to judicial review of the Order in our appellate jurisdiction. (*Id.* at 6-7; *accord* Commission's Br. at 1.) Therefore, DHS asserts that its right to summary relief is clear, and the Court should dismiss the Petition with respect to DHS and the Commission for lack of original jurisdiction.

It is well settled that this Court lacks original jurisdiction over matters properly within our appellate jurisdiction. *Lindberg*, 469 A.2d at 1015 ("[T]he Commonwealth Court's original jurisdiction of actions against the Commonwealth is limited to those not within its Section 763 appellate jurisdiction over appeals from

---

[5] "Mandamus is an extraordinary remedy used to compel the performance of a ministerial act or mandatory duty where a petitioner establishes (1) a clear right to relief, (2) a corresponding duty in the respondent, and (3) a lack of any other adequate and appropriate remedy at law." *Romig v. Wetzel*, 309 A.3d 1108, 1112-13 (Pa. Cmwlth. 2024). "The purpose of mandamus is not to establish rights or to compel performance of discretionary acts but, instead, to enforce rights that have been clearly established." *Id.*

Commonwealth agencies . . . ."). It is further well settled that "an action to compel an administrative agency which has finally denied a request for hearing to hold one is, as a matter of statutory interpretation, addressed to the appellate jurisdiction of Commonwealth Court under Section 763 of the Judicial Code, not an action 'originally' commenced in Commonwealth Court." *O'Brien v. State Emps.' Ret. Sys.*, 469 A.2d 1008, 1011-12 (Pa. 1983). An agency's denial of a hearing request is final, and thus appealable, if it "disposes of all claims and of all parties" or "is entered as a final order" following a determination of finality by the agency. Pennsylvania Rule of Appellate Procedure 341(b)(1), (3), Pa.R.A.P. 341(b)(1), (3). Therefore, if a petitioner seeks review of a final agency order denying a hearing request in the Court's original and appellate jurisdictions concurrently, we are compelled to dismiss the petition in our original jurisdiction. *Cf. Tran v. State Sys. of Higher Educ.*, 986 A.2d 179, 184 (Pa. Cmwlth. 2009) (dismissing a petition for review to the extent it requested review in the Court's original jurisdiction because the matter fell under our appellate jurisdiction).

Here, we are compelled to dismiss the Petition to the extent it requests review of the Order in this Court's original jurisdiction because the Order is a final order subject to our appellate jurisdiction. *See Lindberg*, 469 A.2d at 1015; *O'Brien*, 469 A.2d at 1011-12. The Commission denied the Appeal Request regarding Mr. Donahue's non-selection for appointment, reinstatement, and denial of veterans' preference claim because "there [was] no personnel action to review." (Order at 1-2.) Through its denial, the Commission's Order disposed of all of Mr. Donahue's claims and the parties. *See* Pa.R.A.P. 341(b)(1). Therefore, the Petition is properly before the Court's appellate jurisdiction, and thus excluded from our original

6

jurisdiction, because the Order finally denied the Appeal Request. *See Lindberg*, 469 A.2d at 1015; *O'Brien*, 469 A.2d at 1011-12.

Accordingly, we grant the Application in part and dismiss the Petition to the extent it invokes the Court's original jurisdiction because there is no genuine issue of material fact, and DHS and the Commission are entitled to summary relief.[6]

### 3. Appellate Jurisdiction

Next, DHS argues that it is entitled to summary relief, and the Petition should be dismissed in its entirety with respect solely to DHS, because Mr. Donahue did not petition for review of any order or decision of DHS subject to the Court's appellate jurisdiction under Section 763(a)(1) of the Judicial Code, 42 Pa.C.S. § 763(a)(1). Rather, DHS contends that "[t]he issuance of [Mr.] Donahue's probationary [employee performance review], as well as extension of his probationary period, are issues fully reviewable, in the first instance, by the Commission." (DHS's Appl. at 7.) DHS further asserts that the Commission's denial of the Appeal Request for lack of sufficiently alleged discrimination "forecloses appellate review of the merits of said issues[,] as there is no record below for the Court to review." (*Id.* at 7-8.) In opposition, Mr. Donahue argues that the Court has appellate jurisdiction over the Order and, therefore, the Court has appellate jurisdiction over DHS because DHS is a named party to the Appeal Request before the Commission. Furthermore, Mr. Donahue asserts that DHS's argument is moot because DHS argued only that the Petition should be dismissed for lack of appellate jurisdiction, not that it is an improper party to this action.

---

[6] Because we dismiss the Petition to the extent it seeks review in the nature of mandamus in the Court's original jurisdiction, we decline to address DHS's argument that Mr. Donahue failed to state a claim against DHS for which the Court may grant mandamus relief.

Upon review, we deny the Application to the extent it requests that the Court dismiss the Petition with respect to DHS for lack of appellate jurisdiction. As discussed above, the Petition is properly within the Court's appellate jurisdiction because the Order is a final, appealable order. *See* Pa.R.A.P. 341(b)(1). While DHS is correct that Mr. Donahue did not petition for review of any order or decision of DHS to this Court, DHS is a named party to the Appeal Request before the Commission. (*See* Order at 1.) DHS is Mr. Donahue's employer and the appointing authority in this case.[7] Thus, if Mr. Donahue "established a prima facie case" in the Appeal Request, DHS would be "afforded the opportunity to reply to the charges." Section 105.16 of the Rules of the Civil Service Commission (Commission Rules), 4 Pa. Code § 105.16. And, if Mr. Donahue prevailed before the Commission, DHS would be required to implement the Commission's order. Therefore, if DHS believed it is not a proper party to this appeal, DHS should have argued that it is an improper party, not that this Court lacks subject matter jurisdiction over the Petition with respect to DHS. *See, e.g.*, *Bell v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 638 M.D. 2019, filed Jan. 3, 2024), slip op. at 4-6 (granting the Pennsylvania Board of Probation and Parole summary relief pursuant to Pa.R.A.P. 1532 because it was an improper party to the action).[8]

Accordingly, we deny the Application to the extent it requests that the Court dismiss the Petition for lack of appellate jurisdiction with respect to DHS.

---

[7] Section 2103 of the CSRA defines "[a]ppointing authority" as "[t]he officers, board, commission, individual or group of individuals having power by law to make appointments in the classified service." 71 Pa.C.S. § 2103.

[8] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

## B. *Order Denying Appeal Request*

We turn next to Mr. Donahue's argument that the Commission abused its discretion in denying the Appeal Request. Mr. Donahue raises four issues for our review, which essentially argue that the Commission abused its discretion because his allegations of discrimination were legally sufficient for two reasons. First, Mr. Donahue argues that DHS discriminated against him by not appointing him, a preference eligible veteran, to regular status before other non-veterans on probationary status in violation of Section 7104(b) of the Veterans' Preference Act (VPA), 51 Pa.C.S. § 7104(b).[9] Second, although Mr. Donahue maintains that he need not establish disparate treatment, Mr. Donahue argues that DHS treated him in a disparate manner in comparison to other similarly situated employees during the transition process from probationary status to regular status. Mr. Donahue maintains that both of these actions fall under the prohibition against discrimination on non-merit grounds contained in Section 2704 of the CSRA, 71 Pa.C.S. § 2704.

Section 2704 of the CSRA provides that "[a]n officer or employee of the Commonwealth may not discriminate against an individual in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of race, gender, religion,

---

[9] Section 7104(b) of the VPA states:

> Whenever a veteran's name appears on an eligible list certified or provided as the result of a civil service examination, the appointing authority in making an appointment to a public position shall give preference to the veteran, notwithstanding the veteran's standing on the eligible list if the appointment is otherwise made in accordance with 71 Pa.C.S. § 2402 (relating to selection and appointment of eligibles). A veteran may not begin or hold the public position until proof of discharge papers, separation documents or statement of service are provided to the appointing authority.

51 Pa.C.S. § 7104(b).

disability or political, partisan or labor union affiliation or other non[-]merit factors." 71 Pa.C.S. § 2704. Although the CSRA does not define "other non[-]merit factors," this Court has long interpreted the term to require that "[p]ersonnel actions of the Commonwealth must be based upon merit criteria which are relevant to the proper execution of the employee's duties, are job related, and which touch in some logical and rational manner upon competency and ability." *Balas v. Dep't of Pub. Welfare*, 563 A.2d 219, 223 (Pa. Cmwlth. 1989) (construing the term "other non[-]merit factors" under the CSRA's predecessor, Section 905.1 of the Civil Service Act of August 5, 1941, P.L. 752, *formerly*, 71 P.S. § 741.905a). Pursuant to Section 3003(7)(ii) of the CSRA, "[a] person who is aggrieved by an alleged violation of [S]ection 2704 (relating to prohibition of discrimination) may appeal in writing to the [C]ommission within 20 calendar days of the alleged violation. Upon receipt of the notice of appeal, the [C]ommission shall promptly schedule and hold a public hearing." 71 Pa.C.S. § 3003(7)(ii).

Notwithstanding the mandatory language contained in Section 3003(7)(ii) of the CSRA, "[t]he Commission is authorized to dismiss an appeal, *sua sponte*, without a hearing if the appeal request form fails to state a claim" of discrimination. *Reck v. State Civil Serv. Comm'n*, 992 A.2d 977, 979 (Pa. Cmwlth. 2010). When a petitioner alleges discrimination under Section 2704 of the CSRA, the petitioner bears "the initial burden to prove a prima facie case of discrimination." *Dep't of Corr. v. Lynn*, 306 A.3d 338, 357-58 (Pa. 2023). The petitioner "satisfies this burden by producing sufficient evidence that, 'if believed and otherwise unexplained, indicates that more likely than not discrimination has occurred.'" *Id.* at 358 (citation omitted). "[M]ere general and conclusory allegations of discrimination are not adequate," *Allen v. State Civil Service Commission*, 992 A.2d 924, 929 (Pa. Cmwlth.

2010), and "discrimination cannot be inferred," *Reck*, 992 A.2d at 979. Rather, the petitioner must set forth "specific factual allegations of discrimination within the context of Section 105.12(c) of the [Commission Rules]." *Allen*, 992 A.2d at 929. Section 105.12(c) of the Commission Rules provides:

> (c) Appeals alleging discrimination which do not include specific facts relating to discrimination may be dismissed. Specific facts which should appear on the appeal form include:
>
> (1) The acts complained of.
>
> (2) How the treatment differs from treatment of others similarly situated.
>
> (3) When the acts occurred.
>
> (4) When and how the appellant first became aware of the alleged discrimination.

4 Pa. Code § 105.12(c). Thus, while the "initial burden is not onerous," "to establish a prima facie case and avoid dismissal, the [petitioner] must allege specific facts showing treatment disparate from others similarly situated." *Lynn*, 306 A.3d at 358.

Here, the Commission did not abuse its discretion in denying the Appeal Request because Mr. Donahue did not sufficiently allege specific facts to establish a prima facie case of discrimination on non-merit grounds. First, Mr. Donahue argues that DHS discriminated against him because it appointed non-veterans in probationary status to regular status ahead of him in violation of Section 7104(b) of the VPA. Mr. Donahue contends that "so long as a veteran meets minimum eligibility requirements to be hired, the veteran must be 'appointed' to regular status before non-veterans." (Mr. Donahue's Br. at 18.) Mr. Donahue reasons this is the case because appointment to the civil service is not complete until regular status is

obtained and the VPA's preference in appointment requirement supersedes any probationary period contained in the CSRA. Therefore, Mr. Donahue argues that he sufficiently alleged specific facts that DHS discriminated against him because DHS intentionally misapplied and maliciously extended his probationary period to circumvent his veterans' preference and appoint non-veterans to regular status before him.

We disagree. To start, "[g]iven that the VPA and the CSRA relate to the same class of persons and things, they are to be read *in pari materia*, and we must construe them together as one statute." *Lynn*, 306 A.3d at 356. Accordingly, although Mr. Donahue is correct that "[n]o appointment to a position in the classified service shall be deemed complete until after the expiration of a probationary period," Section 2404(a)(1) of the CSRA, 71 Pa.C.S. § 2404(a)(1), Mr. Donahue cannot avoid the probationary period solely because of his preference in appointment pursuant to Section 7104 of the VPA. As our Supreme Court explained in *Lynn*,

> the government does not have *carte blanche* to prefer veterans over other individuals. To administer public affairs in an efficient manner, the government must select public employees **based upon their ability to perform the duties of the job**.[] Applying an "unrestrained preference" for veterans or a "preference credit based on factors not representative of their true value," . . . would offend public policy and the Constitution.

306 A.3d at 347 (emphasis added) (reaffirming *Commonwealth ex rel. Graham v. Schmid*, 3 A.2d 701 (Pa. 1938)). The Supreme Court's reasoning is buttressed by the stated purposes of the CSRA, which "is to create and sustain a modern **merit** system of employment within the Commonwealth workforce that promotes the hiring, retention and promotion of **highly qualified** individuals, ensuring that government services are efficiently and effectively delivered to the public." Section

2102 of the CSRA, 71 Pa.C.S. § 2102 (emphasis added). It is further supported by the stated purpose of the VPA, which "is to provide a hiring preference to **qualified** veterans seeking public employment in classified and unclassified services for the discipline and experience represented by the veteran's military training and by the loyalty and public spirit demonstrated by the veteran's service for the preservation of this nation and this Commonwealth." Section 7101.1 of the VPA, 51 Pa.C.S. § 7101.1 (emphasis added). Therefore, Mr. Donahue's preference as a veteran does not provide him with an automatic appointment to regular status within the civil service regardless of his "ability to perform the duties of the job." *Lynn*, 306 A.3d 347. Rather, like all other similarly situated employees (i.e., probationary employees with veterans' preference status), Mr. Donahue must satisfactorily complete the probationary period before his appointment to regular status. *See* 71 Pa.C.S. § 2404(a)(1); *see also* Section 91.3 of the Commission Rules, 4 Pa. Code § 91.3 (defining "[p]robationary period" as "[a] preliminary period of employment the purpose of which is to determine the fitness of an employee for regular status").

Second, Mr. Donahue maintains he is not required to allege how DHS treated him differently than other similarly situated employees based on his veterans' preference status as Section 105.12(c)(2) of the Commission Rules does not apply because the VPA does not require such a comparison to establish discrimination. However, as discussed above, the CSRA and VPA "are to be read *in pari materia*, and we must construe them together as one statute." *Lynn*, 306 A.3d at 356. Thus, Section 105.12(c)(2) of the Commission Rules applies to this matter because Mr. Donahue is alleging discrimination under the CSRA through an alleged violation of the VPA, and Mr. Donahue must establish with specificity how DHS treated him

differently than other similarly situated employees based on the non-merit factor of his veterans' preference status.

Although Mr. Donahue argues that he alleged numerous specific facts in the Appeal Request to establish a prima facie case that DHS treated him in a discriminatory, disparate manner compared to other similarly situated employees, a plain reading of the Appeal Request belies such a claim. In the Appeal Request, Mr. Donahue provides a litany of allegedly discriminatory, disparate acts by DHS, including that the employee performance review contained false, libelous, and slanderous allegations, the mistakes referenced in the review are also made by non-probationary caseworkers without rebuke, and his supervisors are trying to have him removed on "piddly nonsense." (C.R. at 5.) However, Mr. Donahue did not provide the Commission with any specific facts regarding his employee performance review to support his general and conclusory allegations that DHS treated him in a discriminatory, disparate manner based on the non-merit factor of his veterans' preference status. Outside of his general disagreement with the employee performance review, Mr. Donahue neither specifically provides how the review was non-merit based nor how it contained false, libelous, and slanderous allegations. In addition, Mr. Donahue does not deny that he made the mistakes referenced in the employee performance review but merely disagrees that the mistakes should form the basis of the review because they are "past tense," and non-probationary employees make similar mistakes without rebuke. (C.R. at 5.) Although Mr. Donahue does cite with more specificity an instance of alleged discrimination in an addendum to the Appeal Request regarding counseling related to the Health Insurance Portability and Accountability Act of 1996,[10] that instance occurred **after**

---

[10] Pub. L. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of Titles 18, 26, 29, and 42 of the United States Code).

14

his employee performance review and, as such, is not relevant here. (C.R. at 182-84). Accordingly, Mr. Donahue's "mere general and conclusory allegations of discrimination are not adequate" to establish a prima facie discrimination claim, *Allen*, 992 A.2d at 929, and we cannot infer any discrimination from the allegations, *Reck*, 992 A.2d at 979.

Therefore, we conclude that the Commission did not err or abuse its discretion in determining that Mr. Donahue did not allege any specific facts regarding his employee performance review that, if proven, constitute discrimination based on the non-merit factor of his veterans' preference status. Rather, in the employee performance review, DHS conducted a merit-based evaluation of Mr. Donahue's ability to perform his job as an Income Maintenance Caseworker. Likewise, DHS's decision to extend Mr. Donahue's probationary period for 90 days within the 6- to 18-month probationary period[11] was based upon Mr. Donahue's ability to perform his job. Thus, DHS's actions were merit based and consistent with the VPA and CSRA. *See Lynn*, 306 A.3d at 345, 347.

Accordingly, we conclude that the Commission properly denied the Appeal Request because Mr. Donahue did not sufficiently allege specific facts to establish a prima facie discrimination claim.[12]

---

[11] "The probationary period for each class of positions shall be prescribed by the Office of Administration and, except for trainee classes, shall in no case be less than six months nor more than 18 months." 71 Pa.C.S. § 2404(a)(2).

[12] Because we conclude that Mr. Donahue did not meet his burden to establish a prima facie discrimination claim, which must be met for the Commission to approve an appeal and hearing request under Section 3003(7)(ii) of the CSRA, we do not address whether there was a personnel action for the Commission to review regarding Mr. Donahue's claim of non-selection for appointment, reinstatement, and denial of veterans' preference.

15

## III. CONCLUSION

For the foregoing reasons, we grant the Application in part and dismiss the Petition to the extent it invokes this Court's original jurisdiction and deny the Application to the extent it seeks relief from review of the Petition as to DHS in the Court's appellate jurisdiction. Further, we affirm the Commission's Order because Mr. Donahue did not sufficiently allege specific facts to establish a prima facie discrimination claim regarding his employee performance review.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,                       :

                  Petitioner      :

                            :

            v.                :    No. 255 M.D. 2024

                            :

Pennsylvania Department of Human    :

Services and Pennsylvania State      :

Civil Service Commission,            :

                Respondents   :

**PER CURIAM**

## O R D E R

**NOW**, June 23, 2025, the Order of Pennsylvania State Civil Service Commission, issued April 22, 2024, is **AFFIRMED**. The Pennsylvania Department of Human Services' Application for Summary Relief is **GRANTED** in part and **DENIED** in part in accordance with the foregoing opinion. Sean M. Donahue's petition for review addressed to the Commonwealth Court's original jurisdiction is **DISMISSED**.