# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean Donahue,                           :
                        Petitioner      :
                                        :
            v.                          :   No. 976 C.D. 2024
                                        :   SUBMITTED: February 3, 2026
Department of Human Services            :
(State Civil Service Commission),       :
                        Respondent      :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**<u>OPINION NOT REPORTED</u>**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  March 12, 2026**


Petitioner, Sean Donahue, petitions for review of the order of the State Civil Service Commission issued June 25, 2024, denying his request for a hearing and dismissing his appeal because it was untimely filed and contained insufficient allegations of discrimination.[1]  We affirm.

Petitioner has been employed by the Department of Human Services as an Income Maintenance Caseworker (IMC) since September 2023.  Reproduced Record (R.R.) at 33a; Pet. for Rev. ¶ 5.  In April 2024, Petitioner submitted an appeal request form to the Commission alleging that the Department discriminated against

---

[1] As explained in this Court's Order issued November 15, 2024, a petitioner may not appeal multiple orders with a single petition for review.  *See Croft v. Unemployment Comp. Bd. of Rev.*, 662 A.2d 24, 27-28 (Pa. Cmwlth. 1995).  Therefore, the instant petition for review has been deemed to be an appeal solely from the Commission's order at Appeal No. 31330, not any of the 12 additional orders Petitioner provided to the Court.

him based on political opinions/affiliations, religious opinions/affiliations, national origin and age, and by misusing the bilingual requirement in hiring to circumvent his veterans' preference. *See* R.R. at 3a-5a. More specifically, Petitioner claimed that the Department's Spanish language requirement on IMC job postings dating back to 2006 was not necessary to the IMC position and that the Department "misused the unnecessary [S]panish language requirement to deter [him] from applying for numerous [IMC] positions and to not consider [him] for employment when [he] did apply." R.R. at 4a. Petitioner sought "backpay and back benefits for every bilingual position it hired for since 2006." *Id.*[2]

After reviewing all information presented by Petitioner on his appeal form and attachments, the Commission issued its order denying his request for a hearing and dismissing his appeal. R.R. at 33a-34a. Petitioner then petitioned this Court for review.[3]

First, we note that Petitioner fails to explicitly include the issue of timeliness in the statement of questions involved portion of his brief, and the issue is neither developed nor addressed *at all* in the argument portion; therefore, this issue has been waived. Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). *See, e.g.*, *Dobson Park Mgmt., LLC v. Prop. Mgmt., Inc.*, 203 A.3d 1134, 1139 (Pa. Cmwlth. 2019) ("An issue that is not addressed or developed in the argument section

---

[2] On April 29, 2024, Petitioner submitted a supplemental appeal request form containing the same allegations. R.R. at 11a-13a.

[3] Petitioner's brief states that "[t]his Court has jurisdiction over this *appeal* pursuant to 42 Pa.C.S. § 761[.]" Pet'r's Br. at 3 (emphasis added). However, Section 761 of the Judicial Code pertains to this Court's original jurisdiction. Because this is an appeal from an agency's final order, and Petitioner has not pled any claims implicating the Court's original jurisdiction, our jurisdiction stems solely from Section 763(a) of the Judicial Code, 42 Pa.C.S. § 763(a).

of a brief may be waived.") (citations omitted). Nonetheless, we provide a brief explanation of why the Commission did not err in this regard.

Section 2704 of the Civil Service Reform Act provides that "[a]n officer or employee of the Commonwealth may not discriminate against an individual in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of race, gender, religion, disability or political, partisan or labor union affiliation or other non[-]merit factors." 71 Pa.C.S. § 2704. Notably, Section 3003(7)(ii) of the Act states: "A person who is aggrieved by an alleged violation of [S]ection 2704 (relating to prohibition of discrimination) may appeal in writing to the [C]ommission within 20 calendar days of the alleged violation." 71 Pa.C.S. § 3003(7)(ii). The Commission's rules reiterate this 20-day deadline for hearing requests. *See former* 4 Pa. Code § 105.12(a)(3).[4]

While Petitioner did not specify the relevant IMC positions and non-selections which serve as the basis for his discrimination claims, they must have occurred prior to his hiring by the Department as an IMC in September 2023. This time period is confirmed by the fact that Petitioner requests backpay and benefits dating back to 2006. R.R. at 3a-5a ("The agency owes me backpay and back benefits for every bilingual [IMC] position it hired for since 2006."). Petitioner did not submit his appeal request challenging these actions until April 2024, well beyond the 20-day deadline. *See* 71 Pa.C.S. § 3003(7)(ii); 4 Pa. Code § 105.12(a). Therefore, the Commission did not err in determining that Petitioner's appeal was untimely.

---

[4] Section 105.12 of the Commission's rules was amended effective August 15, 2025. This opinion cites to the prior version of the rule because it was in effect when Petitioner submitted his appeal request form and when the Commission issued its order.

Even if Petitioner's appeal had been timely, we find no error in the Commission's determination that Petitioner failed to state a prima facie discrimination claim. Section 105.12(c) of the Commission's rules states:

> (c) Appeals alleging discrimination which do not include specific facts relating to discrimination may be dismissed. Specific facts which should appear on the appeal form include:
>
> > (1) The acts complained of.
> >
> > (2) How the treatment differs from treatment of others similarly situated.
> >
> > (3) When the acts occurred.
> >
> > (4) When and how the [petitioner] first became aware of the alleged discrimination.

4 Pa. Code § 105.12(c). As we have explained, "mere general and conclusory allegations of discrimination are not adequate. There must be specific factual allegations of discrimination within the context of Section 105.12(c) of the" Commission's rules. *Allen v. State Civ. Serv. Comm'n (Pa. Bd. of Prob. & Parole)*, 992 A.2d 924, 929 (Pa. Cmwlth. 2010). In addition, "[a]ffirmative factual allegations must support all claims of discrimination because discrimination cannot be inferred." *Reck v. State Civ. Serv. Comm'n (Pa. Liquor Control Bd.)*, 992 A.2d 977, 979 (Pa. Cmwlth. 2010).

Here, Petitioner's appeal request form does not comply with these requirements because Petitioner failed to include facts explaining the acts complained of, when those acts occurred, or how he was treated differently from others similarly situated. *See* 4 Pa. Code § 105.12(c). Specifically, Petitioner failed to identify which prior IMC positions, eligibility determinations, and non-selections

were at issue. *See Donahue v. State Civ. Serv. Comm'n (Dep't of Hum. Servs.)* (Pa. Cmwlth., No. 128 C.D. 2020, filed May 3, 2021), slip op. at 6 ("Veterans' preference applies only when a candidate is selected from *a certified list of eligibles containing the name of an eligible veteran*. *See* 51 Pa.C.S. § 7104(b).")[5] (emphasis in original). Moreover, while Petitioner indicated on his appeal form that he was asserting discrimination based on political opinions/affiliations, national origin, religious opinions/affiliations, and age, he failed to plead *any* factual allegations pertaining to these grounds. Petitioner also claims that the Department used the bilingual language requirement to circumvent him and hire Hispanic employees instead; however, his allegations are merely general and conclusory statements, based on his own purported observations rather than affirmative facts. For these reasons, we find that the Commission properly dismissed Petitioner's appeal. *Reck*; *Allen*; *Donahue v. Pa. Dep't of Hum. Servs.* (Pa. Cmwlth., No. 255 M.D. 2024, filed June 23, 2025).

Finally, Petitioner points to the language of Section 3003(7)(ii) of the Act stating that "[u]pon receipt of the notice of appeal, the [C]ommission *shall* promptly schedule and hold a public hearing." 71 Pa.C.S. § 3003(7)(ii) (emphasis added). Petitioner argues that the Act's use of the term "shall" is mandatory and, therefore, the Commission erred by failing to provide him with a hearing. This argument lacks merit. This Court has long held that, notwithstanding the language of the Act, "'[t]he Commission is authorized to dismiss an appeal, *sua sponte*, without a hearing if the appeal request form fails to state a claim' of discrimination." *Donahue v. Pa. Dep't of Human Servs.*, slip op. at 10 (quoting *Reck*, 992 A.2d at

---

[5] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). Citation to this case is particularly persuasive because it involves the same petitioner asserting a similar discrimination claim against the Department.

979).  *See also Craig v. State Civ. Serv. Comm'n (Dep't of Env't Prot.)*, 800 A.2d 364 (Pa. Cmwlth. 2002) (same).

Accordingly, the Commission's order is affirmed.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean Donahue,  :
                 Petitioner  :
   :
       v.  : No. 976 C.D. 2024
   :
Department of Human Services  :
(State Civil Service Commission),  :
                 Respondent  :

# **O R D E R**

AND NOW, this 12th day of March, 2026, the Order of the State Civil Service Commission is hereby AFFIRMED.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita